**John Robert BAILEY, Petitioner,**

v.

**C. C. PEYTON, Superintendent, Virginia State Penitentiary, Respondent.**

Civ. A. No. 68–C–2–L.

United States District Court
W. D. Virginia,
Lynchburg Division.

May 23, 1968.

Overton P. Pollard, Asst. Atty. Gen., Richmond, Va., for respondent.

OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes to the court upon a petition for a writ of habeas corpus, filed in forma pauperis by a state prisoner, pursuant to 28 U.S.C. § 2254.

Petitioner is currently serving a term of twenty-five years in the Virginia State Penitentiary, pursuant to a conviction for robbery by the Corporation Court of the City of Lynchburg on November 11, 1959. Petitioner waived his

right to trial by jury, and entered a plea of guilty.

A habeas corpus hearing was conducted by the state court in Lynchburg on January 12, 1967, as a result of a petition by the prisoner. Petitioner was represented by court appointed counsel and was afforded an opportunity to present testimony in his own behalf. The writ was denied by an order entered January 26, 1967. Petitioner's writ of error to the Supreme Court of Appeals of Virginia was denied on October 10, 1967.

■ Petitioner now seeks a writ of habeas corpus from this court, alleging several of the same errors he raised in his state court hearing. Petitioner alleges inadequate representation of counsel, a coerced and involuntary confession, and racial discrimination against the petitioner. This last allegation of racial discrimination was not presented to the state courts, thus petitioner has failed to exhaust his available state remedies with regard to this contention. Accordingly, it is ADJUDGED and ORDERED that the allegation of racial discrimination is hereby dismissed without prejudice to the further prosecution thereof, upon a showing that petitioner has exhausted his available state remedies.

It appears that petitioner has exhausted his state remedies with regard to the first two allegations, thus these contentions are properly before this court. There is no need for a plenary hearing because this court is satisfied that the record is an adequate basis on which to base a decision. Having studied the record, this court finds that petitioner's allegations are frivolous and wholly unsupported by the facts.

■ There is absolutely no support for petitioner's allegation of inadequate representation of counsel. The record reveals that the counsel employed by petitioner served petitioner diligently. In fact, petitioner himself is unable to point to any failings of counsel. Petitioner's sole complaint with regard to counsel, is that counsel constantly repeated that petitioner should not have signed a confession. Petitioner has failed to meet his burden of proof in establishing inadequate representation of counsel. Peyton v. Fields, 207 Va. 40, 147 S.E.2d 762, 766 (1966).

■ Petitioner's remaining allegation concerns his allegedly involuntary confession. It should be noted that petitioner entered a plea of guilty and the confession was not introduced into evidence. Nonetheless, petitioner contends that the existence of this confession induced him to enter a plea of guilty. Petitioner's allegations and coercion and failure to advise him of his constitutional rights are supported only by his own testimony. The arresting police officers testified that petitioner was advised of his rights and no threats were ever made. Thus, this court feels that petitioner has failed to raise a serious question as to the voluntariness of his confession.

■ Petitioner further contends that he was a minor at the time of his arrest, and that he had the right to have his parents or a guardian ad litem present when he was questioned by the police. This court is not aware of any such right. The Virginia Juvenile and Domestic Relations Law requires that a guardian ad litem be appointed if neither of a juvenile's parents are present at a hearing on the issue of certifying a juvenile for proceedings as an adult. Such a hearing was conducted and petitioner's mother was present. When petitioner was initially questioned, he was informed that he could call his parents or a lawyer if he so desired. Petitioner was questioned for only a short time and he always appeared cooperative and ready to answer questions. The facts of this case are readily distinguishable from those in Haley v. State of Ohio, 332 U.S. 596, 68 S.Ct. 302, 92 L.Ed. 224 (1948).

For the reasons stated in this opinion and upon mature consideration of the facts relied upon by petitioner in the

case at bar, this court feels that the allegations are without merit. Therefore, it is hereby ADJUDGED and ORDERED that the petition for habeas corpus be and hereby is denied.