Edward DeLathan TYLER, #83903,
Petitioner,

v.

C. C. PEYTON, Superintendent of the Virginia State Penitentiary, Respondent.

Misc. No. 6986-N.

United States District Court
E. D. Virginia,
Norfolk Division.

Dec. 13, 1968.

Edward DeLathan Tyler, pro se.

Reno S. Harp, III, Asst. Atty. Gen., of Virginia, Richmond, Va., for respondent.

## MEMORANDUM ORDER

KELLAM, District Judge.

In his petition for a writ of habeas corpus challenging his incarceration upon conviction of five charges of robbery and one charge of malicious wounding, Edward DeLathan Tyler asserts (1) admission in evidence of an improperly obtained confession, (2) ineffective assistance of counsel, (3) giving of a lie detector test against his will, (4) holding him "incommunicado" and (5) treating him as an adult.

Prior to filing his petition in this Court, he filed a similar petition in the Corporation Court of the City of Norfolk, Virginia, Part II, and after appointment of counsel was granted a full plenary hearing. The record and transcript of the evidence in that hearing have been filed with this Court.

In his state habeas, petitioner asserted the same grounds for relief as set out in his petition in this Court, except the giving of a lie detector test without his consent.

It appears from the record and transcript of the evidence that such Court was a court of competent jurisdiction and made a finding on the issues involved in a proceeding of petitioner against this respondent; that petitioner was granted a full and complete hearing on the merits of all factual issues, with the assistance of court-

appointed counsel. In that proceeding the merits of all factual disputes were resolved; the material facts were adequately developed and support the fact finder's determinations. Under such findings, the petition should be and is dismissed. 28 U.S.C.A. § 2254.

At petitioner's hearing in the Juvenile Court, he was assisted by counsel. He testified he was satisfied with such assistance; that after his hearing there, the Court determined petitioner should be treated and tried as an adult.

■ Petitioner complains he was forced to submit to a lie detector test. However, the record shows petitioner signed a written request for the test, which was consented to by his mother. The writing set forth it was done voluntarily, without duress, coercion, threats, promises of reward or immunity after having the "nature of this examination explained" to him, and he agreed that "the results of this examination may be made available to proper authorities."

■ Petitioner complains of being held "incommunicado" and interrogated for 12 to 14 hours. The record establishes the contrary. At his request, he was carried by the police to his home where he could tell his mother of the difficulties facing him, and returned to detention.

■ Next petitioner complains of the admission in evidence of an improperly obtained confession. Petitioner entered a plea of guilty voluntarily, after having been advised by counsel and the Court of his right to trial by jury, that he had a right to plead not guilty and be tried by the court without a jury if the Commonwealth agreed; and that he could plead guilty if he desired. At the time of his plea, petitioner advised the Court he was satisfied with the services of his lawyer. If such an examination by the Court has no meaning, then we are daily wasting time of the courts and foolishly expending money of the taxpayers. The evidence is crystal clear that petitioner was advised of his constitutional rights before he made any statements to the police, the right to remain silent, and that any statement he made could be used against him.[1] He also told his counsel he had been advised of his right to an attorney. The statements made by him were voluntary and without promise, and without use of threats or violence. His statement he was mistreated is not supported by the evidence. He contradicted himself numerous times, and his testimony is not worthy of belief. He admitted he made a false statement to the police and to the Court. Petitioner testified "I was known to be guilty;" that he pleaded guilty; and that the guilty plea was in accordance with the true statement given the police. In his habeas hearing he readily admitted he "shot Mrs. Ruth M. Woods in the back." When asked by his trial counsel if he had been threatened by the police before or at the time he gave his statement, he answered he had not, and he told his counsel the statements were freely and voluntarily given. He did tell his counsel "one of them [police officers] kicked him," but upon investigation counsel found "no basis for it." The trier of the facts so found in the state habeas hearing. While in his petition for habeas Tyler charges ineffective assistance of counsel, such charge is not supported by the evidence. In fact, petitioner offers no proof of any such charge. When questioned by the Court at the trial and time of entering his plea, he stated he was satisfied with the services of his counsel up to that time. At no time thereafter did he evidence any dissatisfaction until his penitentiary advisers suggested he should evidence dissatisfaction. To succeed on the point that assistance of counsel is constitutionally ineffective, "it must be shown that the representation is so lacking in diligence and competence that the accused is without representation and the

---

1. The Miranda warnings of right to counsel did not apply at time of this questioning, i. e., December 1964. Miranda became effective June 13, 1966.

trial is reduced to a sham." Russell v. Peyton, 207 Va. 469, 150 S.E.2d 530, 532 (1966); Yates v. Peyton, 207 Va. 91, 147 S.E.2d 767, 772 (1966); Tompa v. Commonwealth of Virginia, ex rel. Cunningham, 331 F.2d 552, 554 (4th Cir. 1964); Rivera v. United States, 318 F.2d 606, 608 (9th Cir. 1963); Newsom v. Smyth, 261 F.2d 452, 454 (4th Cir. 1958), cert. denied 359 U.S. 969, 79 S.Ct. 883, 3 L.Ed.2d 837; Root v. Cunningham, 344 F.2d 1, 3 (4th Cir. 1965). It is generally held that relief will be granted upon such a charge "only when the trial was a farce, or a mockery of justice, or was shocking to the conscience of the reviewing court, or the purported representation was only perfunctory, in bad faith, a sham, a pretense, or without adequate opportunity for conference and preparation." Quarles v. Dutton, 379 F.2d 934, 936 (5th Cir. 1967). The evidence here is to the contrary. One who seeks relief by habeas on the ground of ineffective assistance of counsel has the burden of proving the charge by a preponderance of the evidence. A showing of prejudice or harmful consequence is required before a conviction will be set aside. Yates v. Peyton, 207 Va. 91, 147 S.E.2d 767, 772 (1966); Rambo v. Peyton, 380 F.2d 363 (4th Cir. 1967); Tompa v. Commonwealth of Virginia ex rel. Cunningham, 331 F.2d 552 (4th Cir. 1964); Memorandum Decision Bell v. Peyton, No. 12,715, decided December 1968; Bailey v. Peyton, 284 F.Supp. 765, 766 (D.C.Va. 1968); Lunnermon v. Peyton, 281 F.Supp. 986 (D.C.Va. 1968); Redd v. Peyton, 270 F.Supp. 757 (D.C.Va. 1967).

Petitioner wholly failed to carry his burden of proving any of the allegations of his petition by a preponderance of the evidence, and his petition is dismissed. Hawk v. Olson, 326 U.S. 271, 279, 66 S.Ct. 116, 90 L.Ed. 61; Nolan v. Peyton, 208 Va. 109, 155 S.E.2d 318, 321.

Upon timely notice duly given, and by following the prescribed procedure, petitioner may appeal in forma pauperis.

In such event, the Clerk will forward the record to the Circuit Court of Appeals for the Fourth Circuit. If timely notice is not given, the Clerk will return the state court records to the proper clerk's office. For the reasons herein stated, a certificate of probable cause is denied. The Clerk will send copy of this order to the Attorney General of Virginia, the Corporation Court of the City of Norfolk, Virginia, Part II, and to petitioner.