**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Arnulfo SALAZAR–GAETA, Defendant-
Appellant.**

**No. 71–1428.**

United States Court of Appeals,
Ninth Circuit.

Aug. 16, 1971.

S. James Chapman (argued), of Harris & Chapman, San Diego, Cal., for defendant-appellant.

Shelby Goot, Asst. U. S. Atty. (argued), Harry D. Steward, U. S. Atty., Robert H. Filsinger, Chief, Crim. Div., San Diego, Cal., for plaintiff-appellee.

Before BARNES and MERRILL, Circuit Judges, and BYRNE, District Judge.*

PER CURIAM:

Appellant raises three issues in this appeal, none of which appears meritorious. He first challenges the validity of the search of his automobile and person, and the admission at trial of the evidence discovered in the search. However, the facts contained in this record bring it within this Court's decision in United States v. Markham, 440 F.2d 1119 (9th Cir. 1971), and United States v. Weil, 432 F.2d 1320 (9th Cir. 1970). In *Markham,* an automobile traveled south on a road which did not cross the border, but approached very closely to it.

In *Weil,* this Court stated:

"It is provided in 19 U.S.C. § 482:

'Any of the officers or persons authorized to board or search vessels may stop, search, and examine, as well without as within their respective districts,

---

* The Honorable Wm. Matthew Byrne, Jr., United States District Judge, Central District of California, sitting by designation.

any vehicle, * * * or person, on which or whom he or they shall suspect there is merchandise which is subject to duty, or shall have been introduced into the United States in any manner contrary to law, whether by the person in possession or charge, or by, in, or upon such vehicle or * * * otherwise, * * *'

"In order to avoid conflict between this statute and the Fourth Amendment, the statutory language has been restricted by the courts to 'border searches.' We must remember, however, that the phrase 'border search' does not appear in either the statute or the Constitution. It is merely the the courts' shorthand way of defining the limitation that the Fourth Amendment imposes upon the right of customs agents to search without probable cause. The latter right is predicated on the right and obligation of the government, which predate the founding of the Republic, to prevent the importation of contraband or of undeclared, and therefore untaxed, merchandise, and on the universal understanding that persons, parcels and vehicles crossing the border may be searched. See Judge Waterman's discussion of the phrase in United States v. Glaziou, 2 Cir., 1968, 402 F.2d 8, 12–14."

The automobile here crossed the border, was searched and no contraband found. The vehicle was then aimlessly driven around Calexico, then 10–12 miles west to Anza Bridge, where a dirt road goes south one or two miles *to* the border, but does not cross it, although a person may there walk across.

■ After 10 minutes, the vehicle reappeared on the road parallel to the boundary line, and turned east toward Calexico. The rear end appeared heavy and was lower. The vehicle was then parked in Calexico, on the street, 5 blocks west and 6 blocks north of the Port of Entry. It was locked, and the driver crossed the border back into Mexico.

The vehicle was kept under observation. When appellant appeared and drove the vehicle north, it was stopped, and 330 pounds of marijuana was found therein.

Under the circumstances here present, the search in the instant case was lawful, even though the search at the car's initial crossing of the border revealed nothing.

■ Appellant next claims prejudice by the admission of the automobile registration slips found in his possession at the time of the border search. Although the government's reasons for introducing the additional registration slips are rather tenuous, the trial judge has wide discretion in deciding the question of relevancy. O'Brien v. United States, 411 F.2d 522 (5th Cir. 1969). Appellant's protestations of prejudices are merely speculative.

■ Appellant next claims that the cross-examination of his character witness was improper. However, the judge ascertained that the questions posed were asked in good faith, and under the Supreme Court's decision in Michelson v. United States, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948), the cross-examination was acceptable, and was not error.

■ A review of the record discounts appellant's claim that the evidence was insufficient to support a verdict of guilty. Finally, the exclusion of lie detector test results offered by appellant was not erroneous. United States v. Sadrzadeh, 440 F.2d 389 (9th Cir. 1971).

Affirmed.