**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Bruce Eugene De BETHAM, Defendant-Appellant.**

No. 72–2732.

United States Court of Appeals, Ninth Circuit.

Dec. 26, 1972.

Rehearing Denied Feb. 12, 1973.

Charles M. Sevilla, San Diego, Cal., for defendant-appellant.

James Meyers, Asst. U. S. Atty. (argued), Shelby R. Gott, Asst. U. S.

Atty. (argued), Stephen G. Nelson, Catherine A. Chandler, Asst. U. S. Attys., Harry D. Steward, U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before CHAMBERS and KILKEN-NY, Circuit Judges, and TAYLOR,* District Judge.

PER CURIAM:

After waiver of a jury trial, appellant was convicted by the court of violation of 21 U.S.C. § 844 [possession of heroin]. He appeals from the judgment of conviction and sentence. We affirm.

### ISSUE

The sole issue before us is whether the trial judge committed error in failing to receive beneficial polygraphic[1] evidence offered by appellant.

### ANALYSIS AND CONCLUSION

In support of his contention, appellant directs our attention to volume after volume of testimony, produced at the preliminary hearing, pointing to the reliability of this type evidence. During the four day hearing, the appellant called a substantial number of experts qualified in the field of polygraphy and in the related fields of psychology, psychiatry and physiology. Simply stated, the evidence at the hearing vigorously supports the accuracy of polygraphic evidence. In the trial on the merits, the testimony of appellant was in direct conflict with that of the officers on the principal issues.

 Despite the strong showing made by appellant, we are not ready to say that the trial judge abused his discretion in rejecting the offer. United States v. Salazar-Gaeta, 447 F.2d 468, 469 (CA9 1971); United States v. Sadrzadeh, 440 F.2d 389, 390 (CA9 1971); Frye v. United States, 54 App.D.C. 46, 293 F. 1013, 1014 (1923).

*The Honorable Fred M. Taylor, Senior District Judge for the District of Idaho, sitting by designation.

 Moreover, our analysis of the record convinces us that the trial judge did not believe appellant in those instances where his testimony conflicted with that of the government witnesses. In these circumstances the error, if any, in rejecting the evidence would be harmless under Rule 52(a), FRCrimP. We do not hold that polygraphic evidence is never admissible.

Judgment affirmed.