**Hartmut Alfred KLEIN, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 72–2216.

United States Court of Appeals, Ninth Circuit.

Jan. 23, 1973.

Rehearing Denied March 2, 1973.

**848**

Joseph A. Lovallo (argued), Tucson, Ariz., for appellant.

W. Ronald Jennings, Asst. U. S. Atty. (argued), David Hoffman, Asst. U. S.

Atty., William C. Smitherman, U. S. Atty., for appellee.

Before MERRILL and GOODWIN, Circuit Judges, and SKOPIL,* District Judge.

SKOPIL, District Judge:

Hartmut Alfred Klein, appellant, was convicted of conspiring with others to import marijuana and of conspiring to possess marijuana with the intent to distribute to others.

The charges arose out of a border search of a 1971 Open Road motor home. Eighty-eight packages of marijuana, weighing 154 pounds, were found in four butane tanks at the rear of the motor home.

The appellant, his wife, Edda Frieda Klein, Floyd Frank Lindeman, Charles A. Gunzel and his family, traveled to Mexico. The parties traveled in separate vehicles. Charles A. Gunzel, a paid informant of the Los Angeles Police Department, and his family were to travel in a motor home registered in the name of the appellant. The appellant, Mr. Gunzel and Mr. Lindeman, while in Mexico, loaded marijuana into the motor home. The Gunzel family left Mexico for Nogales, Arizona, and the Kleins returned to California.

At the time of entry into the United States, the motor home was stopped for a border search. Officer Ronald Verusio was on duty and conducted the interview at the primary inspection area. The officer directed Mr. Gunzel to drive his vehicle into the secondary inspection area. The vehicle was searched and, from the information supplied by Mr. Gunzel, the marijuana was found. Mr. Gunzel's further cooperation led to the arrest of the appellant and his wife.

The appellant moved to suppress the marijuana upon the ground the search was unreasonable and the seizure unlawful. The trial court denied the motion. A jury subsequently found the Kleins guilty.

* Honorable Otto R. Skopil, Jr., United States District Judge, District of Oregon, sitting by designation.

A motion for a new trial, a motion in arrest of judgment, and a motion for judgment N.O.V. were filed. The trial court granted the motion for new trial to defendant Edda Frieda Klein, and denied the motions as to defendant Hartmut Alfred Klein.

The appellant was sentenced to concurrent terms of five years on each count and a special parole term of three years on each count to run consecutively. Appellant was also fined $5,000.00 on each of the two counts.

Appellant seeks reversal on three errors:

1) The trial court erred in failing to grant appellant's motion to suppress;

2) The trial court erred in allowing the introduction of evidence to prove the conspiracy through a co-conspirator prior to establishing the conspiracy through witnesses not parties to the conspiracy; and

3) The trial court erred in denying appellant's motion for a new trial when it granted the motion for new trial of the co-defendant.

Appellant contends the marijuana was discovered by an illegal search and seizure and relies upon the testimony of the customs officer conducting the initial interview at the border. It is asserted the testimony indicates the officer had no knowledge or suspicion that the vehicle contained any contraband or that the defendant was involved in any illegal act. Appellant apparently contends there were two searches, one at the border and a second in the secondary area, and that there must be suspicion aroused by the border interview in order to justify the second search.

The border search conducted at the primary area and the secondary area was one event, not two separate and distinct searches.

A border search is not one where probable cause is required. Search and seizure at borders are also subject to a general test of "reasonableness," but probable cause is not required.

Federal statutes provide:

Any officer of the customs may at any time go on board of any . . . vehicle at any place in the United States . . . and examine, inspect, and search the . . . vehicle and every part thereof and any person, trunk, package, or cargo on board, and to this end may hail and stop such . . . vehicle, and use all necessary force to compel compliance. 19 U.S.C. § 1581(a). Any of the officers or persons authorized to board or search vessels may stop, search, and examine, as well without as within their respective districts, any vehicle, . . . on which . . . he or they shall suspect there is merchandise which is subject to duty, or shall have been introduced into the United States in any manner contrary to law, whether by the person in possession or charge, or by, in, or upon such vehicle . . . and . . . he shall seize and secure the same for trial. 19 U.S.C. § 482.

Congress intended to afford customs officers great latitude in conducting a search at an international border crossing. The primary purpose is to ascertain if merchandise brought into this country is subject to duty or has been unlawfully imported. It is not the usual search conducted in criminal investigations. This distinction must be made.

This Court has consistently held that a border search of a vehicle is subject to a general test of reasonableness but may be made with or without cause or on "unsupported" or "mere" suspicion alone. Alexander v. United States, 362 F.2d 379 (9th Cir.), cert. denied 385 U.S. 977, 87 S.Ct. 519, 17 L.Ed.2d 439 (1966); Hammond v. United States, 356 F.2d 931 (9th Cir. 1966). The mere entry alone into the United States from a foreign country is sufficient reason for a border search. Witt v. United States, 287 F.2d 389 (9th Cir.), cert. denied 366 U.S. 950, 81 S.Ct. 1904, 6 L.Ed.2d 1242 (1961).

The search was proper. The trial court was correct in denying the motion to suppress.

Appellant contends the testimony of Charles A. Gunzel was inadmissible at the time it was offered. It is asserted the testimony of a co-conspirator cannot be employed to establish the conspiracy before a *prima facie* case has been shown by independent evidence.

 It is true that the declarations made by a member of a conspiracy cannot be used against other members unless there is other substantial evidence of the existence of the conspiracy.

This Court has stated:

Before the declarations of co-conspirators can be received in evidence against one charged with participating in the conspiracy, it must be shown by independent evidence that the conspiracy existed and that the accused was a party to it at the time the declarations were made. Mayola v. United States, 71 F.2d 65 (9th Cir. 1934).

The order of proof is not important. The important consideration is establishing the existence of the conspiracy by other substantial evidence.

. . . there must be *prima facie* proof of a conspiracy before the acts and declarations of an alleged conspirator during the supposed execution thereof become binding upon a third party who was not shown otherwise to have conspired. Ong Way Jong v. United States, 245 F.2d 392, 396 (9th Cir. 1957).

This prohibition applies only to the use of the declarations and acts of one conspirator against another. It does not prohibit any person from testifying to the acts and declarations of the accused himself.

If appellant's position is correct, a co-conspirator could not be called to testify to any relevant matter of which he had personal knowledge until the conspiracy was first established by other independent evidence. Such a restriction has no logic or foundation.

Gunzel testified as to conversations and acts of the defendant, not to the declarations and acts of a fellow conspirator.

The evidence was properly received.

The appellant contends the granting of a new trial to Edda Frieda Klein should inure to the benefit of the defendant Hartmut Alfred Klein. If the Kleins were the only two involved in the conspiracy, this proposition would warrant consideration.

Others were involved; therefore this contention is without merit.

Affirmed.