UNITED STATES of America,
Appellee,

v.

Fred H. WATTS, Appellant.

No. 73–3141.

United States Court of Appeals,
Ninth Circuit.

Sept. 5, 1974.

Milton J. Silverman (argued), San Diego, Cal., for appellant.

James W. Meyers, Asst. U. S. Atty. (argued), San Diego, Cal., for appellee.

Before ELY and GOODWIN, Circuit Judges, and EAST,* District Judge.

## OPINION

ELY, Circuit Judge:

In a non-jury trial Watts was convicted of one count of conspiracy to bribe public officials, two counts of bribing public officials, and seven counts of knowingly giving false testimony before a grand jury.

Watts was a part-owner of several corporations and had been granted loans through the efforts of two Small Business Administration [hereinafter S.B. A.] officials. Mallette, a loan officer, and Pellow, a staff attorney, shared a fee or "kickback" of five percent of the amount of each loan in return for obtaining the two loans for Watts. Watts testified before the grand jury investigating the two officials and was charged with perjury in connection with his testimony.

Here, Watts raises the following issues: (1) whether the evidence was sufficient to support his conviction on each of the perjury counts; (2) whether the trial court erred in admitting Watts' grand jury testimony at the trial; (3) whether the trial court erred in refusing to admit polygraph evidence offered by the defense; (4) whether the trial court erred in overruling a magistrate's decision concerning discovery.

We do not entertain the challenge to the sufficiency of the evidence. There was no motion for a judgment of acquittal in the trial court, and we see no such "manifest miscarriage of justice" as to warrant our review of the evidence notwithstanding the lack of the ordinarily prerequisite motion. Matthews v. United States, 394 F.2d 104, 105 (9th Cir. 1968); Beckett v. United States, 379 F.2d 863, 864 (9th Cir. 1967).

The appellant's second argument, that the trial court erred in admitting Watts' grand jury testimony, is based on the contention that a grand jury witness suspected of a criminal offense must be so informed by the prosecutor and further informed of the crimes which he is suspected of having committed. Here, the appellant had been advised of his *Miranda* rights on each occasion that he

* Honorable William G. East, Senior United States District Judge, Eugene, Oregon, sitting by designation.

was called to testify. Furthermore, before he presented his grand jury testimony, he was fully advised of the nature of the investigation, and he acknowledged that he understood. Thus, Watts was clearly given the full extent of his constitutional rights.

■ Third, Watts contends that the results of his polygraph examination should have been admitted into evidence. *See* United States v. DeBetham, 470 F. 2d 1367 (9th Cir. 1972), cert. denied, 412 U.S. 907, 93 S.Ct. 2299, 36 L.Ed.2d 972 (1973). However, we cannot say that the trial judge clearly abused his discretion in rejecting the offer. United States v. Bagsby, 489 F.2d 725 (9th Cir. 1973); United States v. Salazar-Gaeta, 447 F.2d 468, 469 (9th Cir. 1971).

■■ Watts' final argument is that the trial court erred in overturning the magistrate's discovery rulings. Those rulings would have required the Government to provide Watts with transcripts of grand jury testimony, including testimony protected by the Jencks Act,[1] and to provide the trial judge with transcripts of grand jury testimony believed by the Government to be immaterial and irrelevant. Watts failed to make the required showing of "particularized need" as to any of the material he sought, except as to the testimony of one witness. Dennis v. United States, 384 U.S. 855, 872–873, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966); United States v. Thompson, 493 F.2d 305 (9th Cir. 1974). *See generally,* United States v. Thoresen, 428 F.2d 654, 668–669 (9th Cir. 1970) (Ely, concurring). *And see,* especially, Goldstein, The State and the Accused: Balance of Advantage in Criminal Procedure, 69 Yale L.J. 1149, 1184 (1960); Developments in the Law—Discovery, 74 Harv. L.Rev. 940, 1057 (1961). Generally, the defense attorney argued that he needed all the grand jury testimony because any of it might possibly be utilized to impeach prosecution witnesses. But as to one witness, whom he was able to identify by name, defense counsel recited the

general nature of the grand jury testimony sought and specified the prosecution witness whom he intended to impeach by such testimony. Since the attorney was seeking to discover that which was contained in secret grand jury proceedings, he could scarcely have been more specific in demonstrating the necessary "particularized need" in respect to the one witness. Thus, the District Court erred in its denial to the defense of this particular testimony. We have concluded, however, that the testimony sought by the defense was not material and that, hence, the District Court's error was harmless.

Affirmed.