No. 76–1638. MASRI v. UNITED STATES. C. A. 5th Cir. Certiorari denied.

MR. JUSTICE WHITE, with whom MR. JUSTICE MARSHALL joins, dissenting.

I dissent from the denial of the petition for certiorari.

The issue is the admissibility of polygraph evidence offered in his own defense by a defendant in a criminal trial. The facts about his conduct were largely undisputed; his principal defense was that he lacked criminal intent. The trial judge found that the polygraph evidence proffered could have been appropriate on the question of intent but excluded the

evidence because of the rule in the Fifth Circuit absolutely barring polygraph evidence.

The rule is different in other Circuits. Some have expressed a willingness to uphold a trial judge's sound discretion on admitting polygraph evidence. See, e. g., United States v. Mayes, 512 F. 2d 637 (CA6), cert. denied, 422 U. S. 1008 (1975); United States v. Infelice, 506 F. 2d 1358 (CA7 1974), cert. denied, 419 U. S. 1107 (1975); United States v. De Betham, 470 F. 2d 1367 (CA9 1972), cert. denied, 412 U. S. 907 (1973); and United States v. Wainwright, 413 F. 2d 796 (CA10 1969), cert. denied, 396 U. S. 1009 (1970). See also United States v. Ridling, 350 F. Supp. 90 (ED Mich. 1972). Nor is polygraph evidence inherently inadmissible in the Eighth Circuit. There the trial judge may admit such evidence offered by the defense without an objection by the Government. Compare United States v. Oliver, 525 F. 2d 731 (CA8 1975), with United States v. Alexander, 526 F. 2d 161, 170 n. 18 (CA8 1975).

This Court should grant certiorari in such cases as this, where a defendant's rights would be notably different depending upon the Circuit in which he is tried, and where the record affords a clear opportunity to address the question in conflict. I therefore dissent and would set the case for oral argument.