**UNITED STATES of America, Appellee,**

v.

**Gayne Frederic SAYER, Appellant.**

**No. 77–3990.**

United States Court of Appeals,
Ninth Circuit.

Aug. 11, 1978.

---

Michaeline A. Re (appeared), Alan Fenster, Los Angeles, Cal., for appellant.

George H. King, Asst. U. S. Atty. (appeared), Los Angeles, Cal., for appellee.

Before WALLACE and SNEED, Circuit Judges, and ENRIGHT, District Judge.*

ENRIGHT, District Judge:

Appellant appeals from a judgment of conviction for violating 21 U.S.C. § 952(a), importation of narcotics. He challenges the district court's denial of his motion to suppress evidence found on his person by United States Customs agents shortly after Appellant disembarked from a non-stop flight from Vancouver, Canada to Los Angeles, California. We find that the search in Los Angeles was a valid border search under *Almeida-Sanchez v. United States*, 413 U.S. 266, 93 S.Ct. 2535, 37 L.Ed.2d 596 (1972); accordingly, we affirm.

As Appellant boarded the non-stop flight in Vancouver, he was briefly interrogated by a United States Customs inspector. Appellant's answers to routine questioning and nervous demeanor raised the suspicion of the Customs agent. Lacking authority to conduct a secondary inspection within Canada, the agent communicated the pertinent information about Appellant to the Customs officials in Los Angeles and requested that they conduct a secondary examination of Appellant when he disembarked. The Customs officials watched Appellant disembark from the plane, observed him speak briefly with one other person and then approached him to conduct a secondary examination. Once again Appellant's responses to the official's questioning were suspicious; the officials determined that a pat-down search of Appellant would be in order. That search yielded several packets of heroin.

Appellant argues that the search in Los Angeles was not a valid customs search because he had joined the normal stream of commerce of the United States before the search was conducted. Once the subject of a search has mingled with the normal stream of commerce, customs officials must have a reasonable certainty that any contraband on the suspect has come across the border before a search can be conducted. *Alexander v. United States*, 362 F.2d 379 (9th Cir. 1966). In the short time between Appellant's entry into the airport and his apprehension by the customs officials, continuous visual contact with Appellant was maintained. Appellant spoke very briefly with one person. These factors, plus the fact that Appellant had just disembarked from a non-stop international flight, certainly provided the officials with reasonable certainty that both Appellant and the contraband found on his person had crossed the border.

Appellant further argues that the search in Los Angeles was the second of two customs searches, and therefore invalid

---

* Honorable William B. Enright, United States District Judge for the Southern District of California, sitting by designation.

under *United States v. Selby*, 407 F.2d 241 (9th Cir. 1969). We disagree. The search in Los Angeles was merely a secondary examination which was a continuation of the preliminary inspection begun in Vancouver. *Klein v. United States*, 472 F.2d 847 (9th Cir. 1973).

Appellant's final argument is that the "search" in Vancouver was illegal and thus the evidence discovered in Los Angeles must be suppressed under the doctrine of *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). We note at the outset that the trial court did not make any specific finding on the propriety of Appellant's encounter with the U.S. Customs officials in Canada. We also note that one of the officials submitted by affidavit that U.S. Customs inspectors do not have authority to detain or search individuals who are in Canadian territory. Neither the record nor the briefs elaborate on the Customs officials' alleged lack of authority. There is no direct prohibition or authorization of such conduct in either the United States Code or the implementing regulations.

The critical question is whether the Customs officials' conduct in Canada violated any of Appellant's reasonable expectations of privacy. We think not. A citizen of the United States who prepares to board a non-stop international flight bound for the United States reasonably would anticipate that he would be subject to a customs inspection at one end or the other of the journey. Appellant's Fourth Amendment rights were not violated by the U.S. Customs inspector's preliminary inquiry in Canada prior to his departure on a non-stop flight to the United States.

AFFIRMED.