**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Mark Knight ODIORNE, and Nina Helene Fogelman, Defendants-Appellants.**

No. 75–4048.

United States Court of Appeals,
Fifth Circuit.

Feb. 26, 1979.

Rehearing Denied March 28, 1979.

Rehearing and Rehearing En Banc

Denied April 2, 1979.

See 592 F.2d 786.

Alex L. Zipperer, III, W. Lance Smith, Savannah, Ga., for Fogelman and Odiorne.

Joseph B. Bergen, Savannah, Ga., for Davis.

Cletus W. Bergen, II, Savannah, Ga., for Olson on rehearing.

Thomas R. Taggart, Frederick Kramer, III, Savannah, Ga., for Thompson.

William T. Moore, Jr., U. S. Atty., Augusta, Ga., Lamar C. Walter, Asst. U. S. Atty., Savannah, Ga., for plaintiff-appellee.

Before BROWN, Chief Judge, GODBOLD, Circuit Judge, and MEHRTENS [*], District Judge.

PER CURIAM:

Along with five other defendants, Mark Knight Odiorne and Nina Helene Fogelman were indicted for their actions in connection with the importation of approximately three tons of marijuana aboard the sailboat ODESSA in 1975. Specifically, all seven defendants were charged with (1) importing marijuana into the United States, (2) conspiring to import marijuana, (3) possessing marijuana with the intent to distribute, and (4) conspiring to possess marijuana with the intent to distribute. See 21 U.S.C. §§ 952, 960, 963, 812, 841, and 18 U.S.C. § 2. A jury found all seven defendants guilty on all four counts of the indictment. Five of the defendants appealed.

[*] Senior District Judge of the Southern District of Florida, sitting by designation.

The convictions of three of those five were dealt with in our opinion of October 11, 1978, *United States v. Fogelman*, 5 Cir., 1978, 586 F.2d 337, which contains a complete account of the relevant facts in the case.[1] We decided to issue a separate opinion on the appeals of Odiorne and Fogelman, as the three contentions they urge for reversal are distinct from the grounds upon which their three codefendants appealed. We now find the contentions of Odiorne and Fogelman unpersuasive, and we affirm their convictions.

■ Odiorne and Fogelman first argue that there was no probable cause to support the boarding and search of the ODESSA and that therefore the Trial Court committed reversible error in declining to suppress evidence seized on board the vessel. This argument is without merit. At the time the agents boarded the ODESSA to arrest one of its crew members, after which they noticed marijuana residue throughout, they possessed information obtained both from a reliable informant and through their own surveillance that the boat had come in from foreign waters with a cargo of marijuana. There is more than ample statutory and case authority to support the boarding and search in these circumstances. See e. g., 14 U.S.C. § 89(a); 19 U.S.C. §§ 482, 1581; *United States v. Freeman*, 5 Cir., 1978, 579 F.2d 942; *United States v. Warren*, 5 Cir., 1978, 578 F.2d 1058 (en banc); *United States v. Ingham*, 5 Cir., 1974, 502 F.2d 1287, *cert. denied*, 1975, 421 U.S. 911, 95 S.Ct. 1566, 43 L.Ed.2d 777.

■ Odiorne and Fogelman also assert that as a matter of law there was insufficient evidence to support a finding of guilt on the substantive charge of importation. The relevant evidence, viewed in the light most favorable to the prosecution, shows the following. On June 6, 1975, the ODESSA, with a crew composed of Odiorne, Fogelman, and one other defendant, left Curacao in the Netherlands Antilles. According to the vessel's log, she proceeded to Rioha-

cha in Colombia, South America, where she docked on June 9. From there, she sailed through the Caribbean to Sapelo Sound off the coast of Georgia. Within the next sixteen hours she sailed 52 nautical miles, via the intracoastal waterway to Coffee Bluff, Georgia, where the marijuana was off-loaded on June 20. Defendant Harold Olson meanwhile had been in Colombia, South America on May 20, 1975, and had travelled to Curacao on June 2, where he met with Odiorne while the ODESSA and its crew were still at that island. On the same day that the ODESSA left Curacao, Olson had flown to Miami, Florida. A navigational map found in Olson's briefcase exhibited a mark in the area of Riohacha, Colombia; a corresponding mark was found on a navigational chart on board the ODESSA. The jurors could certainly conclude beyond a reasonable doubt that this evidence was inconsistent with any reasonable hypothesis that Odiorne or Fogelman did not in fact import marijuana. *Cf. United States v. Black*, 5 Cir., 1974, 497 F.2d 1039, 1041–43. The theory advanced by the appellants that the marijuana was loaded on board the ODESSA within the territorial boundaries of the United States is highly speculative, and apparently was rejected as such by the jury.

■ Finally, Odiorne and Fogelman contest, on double jeopardy grounds, their indictment and trial on separate charges of conspiring to import marijuana and conspiring to possess with intent to distribute marijuana. They contend that assuming *arguendo* the Government presented sufficient evidence to support a finding that they made an agreement to import and distribute marijuana, there was no evidence that they made two separate agreements— one to import and one to possess marijuana. *See United States v. Rodriguez*, 5 Cir., 1978, 585 F.2d 1234, 1247–51, *now pending on rehearing en banc.* As Odiorne and Fogelman both received concurrent sentences on the two conspiracy counts, we resolve this

---

1. That opinion inaccurately stated that only the three defendants whose appeals were therein adjudicated (Peter Michael Davis, Harold E. Olson, and Eldon Thompson) had in fact appealed.

contention under the concurrent sentence doctrine. *See, e. g., United States v. Easterly,* 5 Cir., 1971, 444 F.2d 1236, 1240.

AFFIRMED.