UNITED STATES of America, Plaintiff-Appellee,

v.

Nina Helene FOGELMAN, Mark Knight Odiorne, Peter Michael Davis, Harold E. Olson, and Eldon Thompson, Defendants-Appellants.

No. 75–4048.

United States Court of Appeals, Fifth Circuit.

April 2, 1979.

Alex L. Zipperer, III, Savannah, Ga., for Fogelman and Odiorne.

Joseph B. Bergen, Savannah, Ga., for Davis.

Cletus W. Bergen, II, Savannah, Ga., for Olson.

Thomas R. Taggart, Frederick W. Kramer, III, Savannah, Ga., for Thompson.

William T. Moore, Jr., U. S. Atty., Augusta, Ga., Lamar C. Walter, Asst. U. S. Atty., S. D. Ga., Savannah, Ga., for plaintiff-appellee.

## ON PETITIONS FOR REHEARING AND PETITIONS FOR REHEARING EN BANC

Before BROWN, Chief Judge, GODBOLD, Circuit Judge, and MEHRTENS *, District Judge.

PER CURIAM:

In our opinion at 586 F.2d 337, we affirmed the convictions of Harold E. Olson, Peter Michael Davis, and Eldon Thompson for their role in the importation of approximately three tons of marijuana into the United States.[1] In that opinion, we specifically addressed, and resolved against the appellants, four asserted errors. Olson, Davis, and Thompson have now petitioned for rehearing en banc of their appeals. We find no basis for reconsidering our resolution of the four contentions addressed in our original opinion. In addition, appellants protest our failure to consider specifically other arguments they raised on appeal, and they even advance new grounds upon which they seek to predicate reversal of their convictions.

Although we did not expressly and individually address all of the numerous and sundry arguments raised by the appellants,[2] we nonetheless considered those claims and determined that their lack of merit did not warrant discussion.

As we are not soothsayers, we could not very well consider those claims that appellants have not advanced until now. In the interest of advising the opposing party of the points it is obliged to meet, F.R.A.P. 28(a)(2) and Local Fifth Circuit Rule 13(j) require appellants to include in their briefs a statement of the issues presented for appellate review. However, rather than dismissing the belatedly raised points as having been waived by failure to comply with F.R.A.P. 28(a)(2) and Local Rule 13(j), we dismiss them as without merit.

Finally, with respect to those issues we did specifically address, we adhere to the decision and discussion in our original opinion. The only concern that gives us pause—whether the lack of exigent circumstances is either significant or decisive—hardly redounds to the benefit of the appellants. In our original opinion, we held that the warrantless search of a truck driven by Eldon Thompson, while not supported by the existence of exigent circumstances, was nonetheless justified as an extended border search. *See* 586 F.2d at 342–45. We reiterate the holding that the search was justified on an extended border search rationale. Our preliminary holding that exigent circumstances did not exist was not essential to our decision on this more important operational problem of the extended border search. Consequently, we do not believe (as might be supposed by some) that several of our recent decisions, *see, e. g., United States v. McLaughlin*, 5 Cir., 1978, 578 F.2d 1180; *United States v. Gaultney*, 5 Cir., 1978, 581 F.2d 1137; *id.* at 1148–49 (Gee, J., concurring); *United States v. Sink*, 5 Cir., 1978, 586 F.2d 1041, 1047, which undertake to apply *United States v. Chadwick*, 1977,

---

* District Judge of the Southern District of Florida, sitting by designation.

1. In a separately issued opinion, we also affirmed the convictions of two other codefendants, Mark Knight Odiorne and Nina Helene Fogelman. See *United States v. Odiorne*, 590 F.2d 158 (1979).

2. For example, Peter Michael Davis, showing remarkable fecundity, managed to multiply his several claims, much like the asexual reproduction of so many paramecia, to the point that he was able to denominate 37 issues for our review.

433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538, either suggest or require that on Thompson's petition for rehearing we specifically address the question of exigent circumstances.

The petitions for rehearing on behalf of Olson, Davis, and Thompson are DENIED and no member of this panel nor Judge in regular active service having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the petitions for rehearing en banc are DENIED.