STATE of Wisconsin, Plaintiff-Appellant,

v.

Gary Roy BILLINGS, Defendant-Respondent.†

Court of Appeals

*No. 80–1649–CR. Submitted on briefs January 21, 1981.
—Decided March 11, 1981.*
(Also reported in 305 N.W.2d 171.)

† Petition to review denied.

664

For the plaintiff-appellant the cause was submitted on the briefs of *Bronson C. La Follette,* attorney general, and *Sally L. Wellman,* assistant attorney general.

For the defendant-respondent the cause was submitted on the brief of *Franklyn M. Gimbel* and *Gimbel, Gimbel, & Reilly,* of counsel, of Milwaukee.

Before Decker, C.J., Moser, P.J., and Cannon, J.

CANNON, J.   The state appeals from an order suppressing physical evidence due to alleged illegalities in the warrantless arrest of defendant, and the warrantless search of an envelope which defendant threw to the ground following arrest.   We determine that neither the arrest nor the search unconstitutionally infringed upon defendant's rights guaranteed by the federal and state constitutions.   Accordingly, we reverse and remand with directions to admit the suppressed evidence at trial.

Defendant was charged with possession of cocaine, with intent to deliver, contrary to secs. 161.41(1m)(b) and 161.16(4), Stats.   Following a preliminary hearing,

defendant was bound over for trial. Defendant subsequently filed a motion to dismiss and to suppress physical evidence taken from defendant at the time of arrest, asserting that the evidence was based upon an illegal arrest, was obtained without a search warrant and that the warrantless search was not justified by exigent circumstances. Following a hearing, the trial court granted defendant's motion to suppress.

For the purpose of the suppression hearing the parties stipulated to the following facts. A mail specialist employed by the United States Customs Service in New York received on March 18, 1980, two envelopes addressed to A.P.I., P. O. Box 10355, Milwaukee, Wisconsin, 53210. The contents of the envelope felt lumpy and spongy. Believing from her experience as a mail specialist that the envelopes contained other than correspondence, the agent opened the envelopes. Each envelope contained a zip-lock bag filled with approximately one ounce of a white powder substance. A cobalt thiocynate field test was performed which disclosed the presence of cocaine. The bags and envelopes were resealed and sent to the Milwaukee Postal Inspector's Office.

An agent of the Wisconsin Department of Justice, Narcotics and Vice Unit, in Milwaukee, was notified of the interception of the envelopes and their contents. The agent notified the Milwaukee Postal Inspector's office. The agent for the Department of Justice was notified when the envelopes arrived in Milwaukee. On March 27, 1980, the envelopes were placed in Box 10355 at the west station of the Milwaukee Post Office by agents for the Department of Justice and the Postal Inspector. Continued surveillance was maintained over the box by Department of Justice agents.

On March 27, 1980, the defendant removed the envelopes from the post office box. He placed the envelopes in his overcoat, closed the box, and started to

walk out of the post office. The Department of Justice agent approached the defendant, identified himself and placed the defendant under arrest. Defendant took the envelopes from his pocket and dropped them to the ground. The envelopes were then picked up by another agent. The envelopes were subsequently searched. Neither an arrest nor a search warrant was obtained prior to the arrest and the search.

On appeal we must determine whether the warrantless arrest of defendant and warrantless search of the envelopes following the arrest requires suppression of the physical evidence obtained as a result of the arrest and the search. We hold that both the arrest and the search were constitutionally permissible and that suppression was not required.

Defendant argued in support of his suppression motion that the arrest was made without probable cause. Since under this theory the arrest would be invalid, the defendant also argued that the search could not be upheld as a search incident to the arrest. The trial court agreed, relying on *Johnson v. United States*, 333 U.S. 10 (1948). In *Johnson, id.* at 16–17, the court refused "to justify the arrest by the search and at the same time to justify the search by the arrest."

*Johnson* is simply not controlling. In applying *Johnson*, the defendant and the trial court have ignored the significance of the first search by the customs agent in New York. We determine that the events in New York and Milwaukee must be viewed as one transaction, with the validity of the arrest and the search of the envelopes following arrest dependent upon the validity of the search by the customs agent in New York.

Warrantless arrests and searches have been upheld in controlled delivery cases where the first search is constitutionally permissible and the contraband is under close, continuous surveillance from the time of the first

search to the search following arrest.. *See United States
v. Smith,* 629 F.2d 1301, 1302–03 (9th Cir. 1980) ;
*United States v. Andrews,* 618 F.2d 646, 654 (10th Cir.
1980) ; *United States v. Bulgier,* 618 F.2d 472, 478 (7th
Cir. 1980) ; *United States v. Ford,* 525 F.2d 1308, 1312–
13 (10th Cir. 1975).

The first search here was a border search. Warrant-
less searches of international mail have been held con-
stitutionally unobjectionable where a customs agent has
reasonable cause to suspect the mail contains contraband.
Probable cause to search is not required. *United States
v. Ramsey,* 431 U.S. 606, 611–13 (1977). In controlled
delivery cases a valid border search has also been used
to uphold a subsequent search following arrest. *United
States v. Smith, supra,* at 1303.

Based upon her experience as a mail specialist, the
customs agent believed that the envelopes which felt
lumpy and spongy contained something other than cor-
respondence. Under these circumstances, the agent had
reasonable cause to inspect further. When the envelopes
were opened, the white powder was discovered. A rec-
ognized and reliable test was performed which disclosed
cocaine. The search constituted a proper border search,
with seizure taking place only after the envelopes were
known to contain cocaine. No constitutional infirmity is
presented under these facts.

At this point the envelopes have been searched and
seized. This seizure continues unbroken from this point
through the chain of physical custody and surveillance
maintained by the agents for FDEA and the postal in-
spector.

Defendant contends that following the border search
a search and an arrest warrant should have been ob-
tained. We do not agree that this was required. These
facts are similar to those in *United States v. Issod,* 508

F.2d 990 (7th Cir. 1974), *cert. denied, sub nom. Issod v. United States,* 421 U.S. 916 (1975). In *Issod* the court acknowledged that a search warrant could have been obtained; however, an arrest warrant was not feasible due to the inability to define with particularity the place to be searched and the person to be seized. *Id.* at 993. The court further upheld permitting the delivery to be completed, holding that there was no obligation "to intercept incipient criminality before the participation of others therein [could] be ascertained." *Id.* (quoting *United States v. Pryba,* 502 F.2d 391, 400 n. 59 (D.C. Cir. 1974), *cert. denied, sub nom. Pryba v. State,* 419 U.S. 1127 (1975).

The search and seizure at the border provided the requisite probable cause to arrest the recipient of the envelopes. The probable cause needed to arrest has been recently defined in *Hills v. State,* 93 Wis.2d 139, 145, 286 N.W.2d 356, 358 (1980) as "that quantum of evidence which would lead a reasonable police officer to believe that the defendant probably committed a crime." (quoting *State v. Paszek,* 50 Wis.2d 619, 624, 184 N.W.2d 836, 839 (1971)). The discovery of cocaine by the customs officials would certainly lead a reasonable officer to believe that the recipient of the envelopes would be committing a crime.

We come, finally, to the search and seizure of the contents of the envelopes following arrest. The reopening and the reinspection is not separate and distinct from the earlier customs search. At no time was control over the envelopes relinquished by the government agents. Accordingly, defendant never acquired a reasonable expectation of privacy rights in the envelopes. *See United States v. Andrews, supra,* at 654; *United States v. Bul-*

*gier, supra,* at 477–78; *United States v. Ford, supra,* at 1313. Therefore, a warrant for the search following arrest was unnecessary.

The trial court erred in suppressing the physical evidence from the arrest and the search following arrest. We, therefore, reverse the order and remand the action for further proceedings.

*By the Court.*—Suppression order reversed and cause remanded.