521 P.2d 995

The STATE of Arizona, Appellee,

v.

Robert Tate KASOLD, Appellant.

No. 2819.

Supreme Court of Arizona,
In Division.

April 17, 1974.

Gary K. Nelson, Atty. Gen., by Shirley H. Frondorf, Special Asst. Atty. Gen., Phoenix, for appellee.

Derickson & Kemper, by James Hamilton Kemper, Phoenix, for appellant.

CAMERON, Vice Chief Justice.

This is an appeal from sentences only after jury verdicts and judgments of guilt to six counts of rape, second degree, § 13–611(B), as amended 1962, and § 13–614(B) A.R.S., together with sentences as to each count of not less than fifteen years nor more than life, all sentences to run concurrently.

We need consider only one question on appeal and that is whether the search of the defendant's premises was made as a result of a constitutionally infirm search warrant.

The facts necessary for a determination of this matter on appeal are as follows. In December of 1972, a female student at North Phoenix Union High School in Phoenix, Arizona, told school authorities that during the previous spring she and another student had engaged in sexual activities with the defendant, Robert Kasold, an English teacher at the high school. The school authorities interrogated the other student and the police were called to conduct a further investigation. On the 2nd day of January, 1973, an affidavit in support of a request for a search warrant was filed with Justice of the Peace Al Flood. The affidavit, after describing the name of the defendant and the places to be searched (the apartment and the automobile), contained the following:

"That the following facts establish probable cause for believing that grounds for the issuance of a search warrant for the aforementioned items exist:

"Two 17 year old female students from North Phoenix High School have revealed that they were sexually involved with MR. ROBERT KASOLD, a teacher at the school. Their involvement lasted from March until July, 1972. During this time the suspect took numerous photographs of the victims and himself in sexual activity.

*     *     *     *     *     *

"Between the dates *December 20* and *December 21, 1972,* the affiant learned the following information in the following manner:

"Your affiant is a Police Detective for the City of Phoenix Police Department assigned to the Crimes against Persons Detail, and has recently been involved in an investigation concerning illicit sexual activity involving a high school teacher, Robert Kasold. During the course of this investigation your affiant personally interviewed two 17 year old females who are students at North Phoenix High School where Mr. Kasold is employed as a teacher.

"Both of these young girls told your affiant that they had been engaged in sexual activities with Mr. Kasold. This activity included hetro-sexual intercourse, fellatio, cunnilingus and sodomy. This activity took place in a house trailer located in the 1600 block East Thomas, in Mr. Kasold's classroom and in his vehicle. During these periods of sexual activities, Mr. Kasold took photographs depicting the activity, in addition Mr. Kasold caused these two students to write stories concerning their sexual life.

"Frequently during the sexual activity Mr. Kasold used a blue and white vibrator to stimulate the girls sexually.

"Also during some of the periods of sexual activity the girls themselves took photographs. Some of these photographs were removed by the girls and subsequently shown to a classmate.

"These girls further told your affiant that Mr. Kasold keeps some of the photographs in his classroom. He keeps others in his vehicle and others in his apartment located at 5105 North 40th Street, Apt. E-425.

"During the course of this investigation, your affiant has personally determined that Mr. Kasold is, in fact, a teacher employed by North High School and that he does in fact now reside at 5105 North 40th Street, Apt. E-425, and further that Mr. Kasold possesses a vehicle that is a 1968 Citron bearing Arizona license MMD-942.

"Further investigation into this matter by your affiant has revealed that prior to this time Mr. Kasold's activity as it relates to dealing with his students has been the subject of concern by various school administrators and that he has been the subject of psychological counselling.

"Further investigation has revealed that Mr. Kasold has spent an unusually large amount of time engaging in extra-curricular activities with the students.

"Your affiant has personally spent several hours in meticulously examining

statements given by these two females and feels confident that the allegations by the girls in this matter are true.

"On 1/2/73 one of the young girls. was examined by means of a polygraph regarding the above allegations. The results of this poylgraph indicate that she has been truthful in her statements.

"Investigation also revealed that suspect has written stories about his sexual activity and has pursuaded the young girls to write stories describing their sexual activity. This writing is believed to be in the possession of the suspect at this time."

As the result of the search warrant, between 500 and 600 photographs of a sexual nature, as well as books and other sex-related paraphernalia were obtained. Included in the photographs were pictures of the two victims involved in this particular case, as well as a roll of film upon which the conviction of the defendant in the companion case, State v. Kasold, 110 Ariz. 558, 521 P.2d 990, filed this day, was based.

The defendant made a timely motion to suppress all of these items based upon the ground that the seizure was an unlawful search and seizure in violation of the Fourth and Fourteenth Amendments to the United States Constitution as interpreted by the United States Supreme Court. Specifically, defendant contends that the affidavit did not state probable cause and also that such information that it did contain was stale, being over five months old. The motion to suppress was denied.

The items contained in the search warrant were not introduced during the trial of the case, that case being determined primarily by the testimony of the two victims, but was used during the hearing in mitigation and aggravation over the objections of the defendant and formed the basis of the judge's sentences which were imposed in this case.

■ We have read the affidavit as set forth in this opinion. We believe that the affidavit states probable cause upon which to base the issuance of a warrant. Our Court of Appeals has stated:

"The United States Supreme Court has laid down a two-pronged test for evaluating whether or not probable cause exists to issue a warrant. (citations omitted) The magistrate must be presented with (1) facts showing the informant is reliable and (2) the underlying circumstances on which the substance of the 'tip' is made. And, as further clarified in *Spinelli* [Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637], supra, the magistrate must generally assure himself that the information is not merely based upon casual rumor or the individual's general reputation." State v. Ramos, 11 Ariz.App. 196, 199, 463 P.2d 91, 94 (1969).

Defendant, while admitting that the girls were reliable, contends that the affidavit does not set forth sufficient facts upon which the magistrate could assure himself that the evidence was probably in the place to be searched. We disagree.

In the instant case, not only do the girls appear to be reliable, one girl having submitted to a polygraph test to determine her reliability, but the underlying circumstances upon which the information was based appear to be equally reliable.

The two girls indicated that the defendant took their pictures and was in possession of these pictures, books, and written stories of their sexual activities. There was, we believe, sufficient information upon which the magistrate could find probable cause to believe that the evidence existed at the place to be searched.

■ Defendant further contends, however, that the information upon which the warrant was based was stale and therefore the magistrate did not have probable cause to believe that the evidence would still be there after more than five months. We do not believe, based upon the facts in the instant case, that the five month or more de-

lay in the obtaining of the warrant makes the information obtained under the warrant subject to suppression. The authorities acted with dispatch as soon as the facts were made known to them. The evidence sought to be obtained was not the type which would likely be consumed or thrown away in the five months, such as alcohol, People v. Siemieniec, 368 Mich. 405, 118 N.W.2d 430, 100 A.L.R.2d 522 (1962); Terry v. State, 123 Ga.App. 746, 182 S.E.2d 513 (1971), or narcotics, Ashley v. State, 251 Ind. 359, 241 N.E.2d 264 (1968); State v. Ingram, 251 Or. 324, 445 P.2d 503 (1968).

We agree with the United States Court of Appeals for the Fifth Circuit which upheld a search warrant based upon information more than six months old:

"It is true that an affidavit used to support a search warrant 'must speak as of the time of the issue of that warrant'. Sgro v. United States, 1932, 287 U.S. 206, 211, 53 S.Ct. 138, 140, 77 L.Ed. 260, 263. See Rider v. United States, 5 Cir. 1966, 355 F.2d 192. There is, however, no arbitrary time limit on how old the *information contained in an affidavit may be.* * * *" United States v. Guinn, 454 F.2d 29, 36 (5th Cir. 1972).

In the instant case, there were pictures of a sexual nature which it is reasonable to believe the defendant intended to keep. We do not believe that the staleness of the information indicates lack of probable cause, and the motion to suppress was properly denied. The items, being material, were admissible for the purpose of sentencing.

▮▮ Even assuming, however, that the warrant was invalid, defendant may not prevail. In sentencing, a judge may consider information which might not be admissible at a trial, but which is certainly relevant for the purpose of sentencing, State v. Munoz, 110 Ariz. 419, 520 P.2d 291, filed March 21, 1974, and we have recently held that an item obtained as the result of an illegal search warrant may be used as a basis for sentencing. State v. Benge, 110 Ariz. 473, 520 P.2d 843, filed April 4, 1974.

Sentences affirmed.

STRUCKMEYER, and HOLOHAN, JJ., concur.