534 P.2d 1083
**STATE of Arizona, Appellee,**

v.

**Allen Ray ARCHER, Appellant.**

**No. I CA–CR 724.**

Court of Appeals of Arizona,
Division 1,
Department A.

May 13, 1975.

Rehearing Denied June 13, 1975.

Bruce E. Babbitt, Atty. Gen. by Galen H. Wilkes, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Garth V. Smith, Deputy Public Defender, Phoenix, for appellant.

## OPINION

FROEB, Judge.

On March 15, 1974, defendant, Allen Ray Archer, was convicted by a jury on two counts of possessing a stolen motor vehicle in violation of A.R.S. § 28–1423. The facts necessary for the disposition of his appeal are as follows:

Following a preliminary hearing on December 12, 1973, the defendant was ordered to stand trial on these charges in Superior Court. During the preliminary hearing, hearsay statements, implicating the appellant as an accomplice in a motorcycle stealing operation, were admitted into evidence over objection of defense counsel. These statements were made by Thomas H.,

a juvenile, who had been stopped on December 5, 1973, by police officials for riding a stolen motorcycle. At that time the juvenile implicated defendant Archer by name and indicated that two stolen vehicles could be found at 5311 East Taylor in Phoenix, Arizona. These statements led to the arrest of Archer during the early morning hours of December 5, 1973, at his residence in Goodyear, Arizona. Later in the day, on the basis of the juvenile's statements, the police obtained a search warrant for the East Taylor premises and recovered two stolen motorcycles that were in various stages of being "stripped down." The record shows that when these statements were offered at the preliminary hearing, the prosecution indicated to the court that there were reasonable grounds to believe the juvenile would be available to testify at the trial.

Other evidence before the court revealed that, in addition to the Goodyear residence, Archer had rented the East Taylor cabin only three days before the issuance of the search warrant.

When the case came to trial in the Superior Court on March 14, 1974, the State indicated that the juvenile was not available to testify, although it had made a good faith attempt to secure his appearance. The defense moved to dismiss the information because of prejudice arising from the unavailability of the witness whose hearsay statements were allowed into evidence during the preliminary hearing. The motion was denied and thus constitutes the defendant's first assignment of error.

■ Rule 5.4(c) of the Rules of Criminal Procedure, 17 A.R.S., permits a determination of probable cause based in whole or in part on hearsay statements where there are reasonable grounds to believe that the declarant will be personally available for trial.

Evidence presented at the preliminary hearing indicated that the juvenile was a first offender who lived at home; that he would remain in the custody of his parents, one of whom was an invalid; that the parents informed police authorities of their intent to remain in Phoenix so as to allow the disabled parent to continue receiving a support check, and that the arresting officers were told that the juvenile would be available. On this record, we conclude that there were reasonable grounds to believe that the juvenile would be available. The subsequent unavailability of the witness does not vitiate that conclusion or require a dismissal of the charges. Defendant contends that he relied upon the calling of this witness by the State as a reason for not assuring his presence through a subpoena. We find in this, however, no ground for a dismissal of the case. A party has no right to rely on the possibility that an opposing party will call a certain witness. The fact then that the State does not utilize the testimony of one originally intended as a witness does not constitute reversible error. See State v. Chatman, 109 Ariz. 275, 508 P.2d 739 (1973).

We now turn to the next assignments of error. Defendant contends that the trial court erred in denying his motion to suppress the evidence obtained pursuant to the search warrant. He also contends that, after consideration of all the evidence, including that seized pursuant to the warrant, the defendant's motion for a directed verdict of acquittal should have been granted. We disagree with both contentions.

■ The affidavit in support of the search warrant contained statements given by the juvenile to the officer which reveal a substantial quantum of facts regarding the actual procedures of the motorcycle theft operation. It states that the juvenile was an accomplice in the thefts and had personal information relating to them. We conclude that a neutral and detached magistrate could find from the affidavit that the informant was an eyewitness to the crimes charged and was therefore a reliable informant possessing reliable information. State v. White, 13 Ariz.App. 265, 475 P.2d 750 (1970); State v. Ramos, 11 Ariz.App. 196, 463 P.2d 91 (1969). It follows that the affidavit states probable cause for the issuance of the search war-

rant in accordance with the requirements of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

Defendant next asserts that the evidence as a whole, including the property seized pursuant to the search warrant, was insufficient to prove (1) that the defendant was in actual or constructive possession of the motorcycles, and (2) that the defendant knew or had reason to believe that the vehicles were stolen. We disagree.

■■ Facts in the record establish that two stolen motorcycles were found in a cabin rented by defendant. There is no dispute that the vehicles were stolen; that the defendant was the only tenant of the East Taylor premises, and that he was the only person in possession of a key to the cabin. In order to prove unlawful possession of a given item, the State must establish that the item was in his dominion and control. State v. Hunt, 91 Ariz. 149, 370 P.2d 642 (1962). We find the evidence in this case is sufficient to show possession of the stolen motorcycles within the meaning of A. R.S. § 28–1423.

■ The facts also show that the stolen vehicles were in varying stages of alteration. Parts and pieces of the vehicles were found lying about and starting mechanisms had been replaced with "hot wires." The vehicles occupied almost all the available space in the small cabin, which was located off the street and behind a house. Neither food, eating utensils nor clothing were found inside. There was a mattress on the floor, a blanket and a small transistor radio. Under these circumstances the jury could find that the defendant had knowledge of the stolen character of the vehicles. State v. Grijalva, 8 Ariz.App. 205, 445 P.2d 88 (1968); State v. Valencia, 2 Ariz.App. 301, 408 P.2d 234 (1965).

We hold, therefore, that it was not error to deny defendant's motion for a directed verdict of acquittal.

■ The defendant next raises three issues pertaining to instructions. He asserts that the trial court's refusal to give his requested instruction defining constructive possession was error. We find, however, that the court correctly instructed the jury concerning the element of possession. The instruction read as follows:

"The crime of possession of stolen motor vehicles has three elements. First: The defendant had in his possession a motor vehicle. Second: The defendant knew that he had possession of a motor vehicle. Third: The defendant knew or had reason to believe that the motor vehicle was stolen."

Under the facts of this case, further definition of "possession" was not required.

■ The trial court further instructed the jury that possession, without more, is insufficient for a conviction, but may be considered with other evidence as bearing upon the defendant's guilty knowledge. We find no error in this instruction as it is in accord with State v. Hull, 60 Ariz. 124, 132 P.2d 436 (1942).

Secondly, defendant asserts that the failure of the State to introduce fingerprint evidence entitled him to an instruction that the evidence which was introduced was weaker than fingerprint evidence and should therefore be viewed with suspicion. We find no merit to this contention.

■ Fingerprints are collected by investigating authorities for purposes of marshalling evidence to determine potential defendants and to prove criminal liability. There is, however, no requirement that such evidence be obtained nor, if obtained, that it be introduced at trial. The decision to use, or not use, such evidence at trial is a tactical consideration for counsel, but not an appropriate subject for an instruction on the law under the facts of this case.

■ Thirdly, defendant contends that the failure of the State to produce the juvenile for trial entitled him to an instruction that the jury may infer that his testimony, if presented, would have been unfavorable to the State. We also reject this contention. The State sought to obtain the juvenile's presence and wished to call him as a witness. His absence did not warrant such an instruction.

We now turn to defendant's final assignment of error. After the court instructed the jury, they were excused for lunch with the understanding that they were to return within one hour to begin their deliberation. Defendant argues that the failure of the trial court to place them in the custody of a court official constitutes reversible error. This contention cannot be sustained. Rule 22.1 of the Rules of Criminal Procedure, 17 A.R.S. states:

> "a. Retirement. After instructing the jury, the court shall appoint or instruct the jurors to elect a foreman. The jurors shall then retire in the custody of a court officer and consider their verdict.
>
> "b. Permitting the Jury to Disperse. The court may in its discretion permit the jurors to disperse after their deliberations have commenced, instructing them when to reassemble, and giving the admonitions of Rule 19.4."

In excusing the jury at the noon hour, the court instructed the jurors not to discuss the case until they had reassembled to commence their deliberations following lunch. While it appears to us that separation of the jury under these circumstances should be avoided where possible, the failure to place them in the custody of a court official until after they returned from lunch was not reversible error under Rule 22.1(a).

Defendant further asserts that Rule 19.4 of the Rules of Criminal Procedure was violated when the court failed to admonish the jurors not to inspect the scene of the alleged crime. While it appears that the admonition required by the rule was not given by the trial court, defendant has shown no evidence that any of the jurors actually inspected the scene of the alleged crime, or that he has in any way been prejudiced by the failure to give the admonition. Under the facts of this case, we do not find this to be reversible error.

The judgment of the trial court is affirmed.

OGG, P. J., and DONOFRIO, J., concur.