593 P.2d 281
**STATE of Arizona, Appellee,**

v.

**Richard E. SMITH, Jr., Appellant.**

**No. 4400.**

Supreme Court of Arizona,
In Banc.

March 30, 1979.

John A. LaSota, Jr., former Atty. Gen., Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Bruce M. Ferg, Asst. Attys. Gen., Phoenix, for appellee.

Harry E. Craig, Phoenix, for appellant.

HOLOHAN, Justice.

The defendant was tried and convicted of four counts of receiving stolen property. He was sentenced to confinement for not less than two nor more than four years on each count, the terms to be served concurrently. Defendant appealed, and we assumed jurisdiction pursuant to 17A A.R.S. Sup. Ct. Rules, rule 47(e)(5).

Between January 21 and January 25, 1977, officers of the Phoenix police department received information from a county jail inmate named George Fetick indicating that Fetick had stolen large amounts of commercial equipment and had sold them to

the defendant. The officers compared this information with their stolen property reports, verified Fetick's information, and obtained detailed descriptions including the serial number of each item Fetick alleged he had sold to defendant. Fetick indicated that defendant would purchase the stolen items, repaint them using his company color, obliterate or remove any identifying numbers and then use the items as stock-in-trade in his commercial leasing business. Prior to seeking a warrant officers sought to verify Fetick's story further. One of the officers went to a place near defendant's business and observed items which matched the description of the items Fetick had described. On January 26, 1977, police officers sought and obtained a search warrant authorizing a search of defendant's business premises. During this search the police seized a Lincoln arc welder, the only item seized which was enumerated in the search warrant.

While executing the warrant officers also seized two motorcycles, a cement finisher and a number of other items which were not listed on the search warrant. The motorcycles and cement finisher along with the arc welder are the subjects of Counts I, II, III and V of the indictment. Count IV was dismissed on motion of the state.

The articles which formed the subject of Count VI were seized pursuant to a warrant to search defendant's home on January 31, 1977. Count VI was dismissed on motion of the state after the jury was unable to reach a verdict on that count.

Defendant asserts that the warrant authorizing a search of his business location is invalid due to the staleness of the information supplied to the police by their informant. Fetick's information ranged from five to nine months in age. There are several factors which support the finding of probable cause that the property listed was still on defendant's premises. Information in the affidavit indicated that the defendant was using the stolen items to form the stock-in-trade of his rental business. The items were sold to him by Fetick over a five-month time period and showed a con-

tinuing course of conduct by the defendant. Officers checked their reports of stolen property to confirm that the property enumerated by Fetick had in fact been stolen and not as yet recovered. One of the officers went to an area near defendant's business and observed items like those described by Fetick on defendant's rental yard.

The question of staleness depends more on the nature of the unlawful activity alleged in the affidavit than the dates and times specified therein. *State v. Torrez,* 112 Ariz. 525, 544 P.2d 207 (1975), *cert. denied,* 425 U.S. 916, 96 S.Ct. 1517, 47 L.Ed.2d 767; *United States v. Harris,* 482 F.2d 1115 (3rd Cir. 1973). Where facts are indicated so that the magistrate may conclude that the activity is of a continuous nature or in a course of conduct, the passage of time becomes less significant. *State v. Torrez, supra.* We have held that information up to five months old was not stale when facts presented to the magistrate indicated that the items in question were of a kind not likely to be discarded by the defendant. *State v. Kasold,* 110 Ariz. 563, 521 P.2d 995 (1974). Here the evidence showed that the defendant was retaining the stolen equipment in order that he might rent it to the public. This fact increased the probability that the items would still be on his premises after a lapse of time. Fetick's information was made more reliable by the officers viewing similar items on defendant's premises. This corroboration tended to cure any staleness in Fetick's testimony.

Defendant further attacks the validity of the warrant issued on his business address by asserting that the affidavits do not establish the reliability of Fetick. We disagree. The affidavit identified Fetick by name and indicated he was an eyewitness to the events. It reflects that the officers verified portions of the information and found them to be accurate. There was sufficient information to show Fetick to be a reliable informant possessing reliable information. *State v. Archer,* 23 Ariz.App. 584, 534 P.2d 1083 (1975). We further find that the affidavit states probable cause for

the issuance of the search warrant in accordance with the requirements of *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

■ Next defendant urges that the scope of the search at his business was too broad and constituted a general search prohibited by the Fourth Amendment.

*Warden v. Hayden*, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967), abolished the distinction between mere evidence and fruits of a crime, and held that where a search is otherwise lawful officers may seize items of mere evidentiary value as well as fruits and instrumentalities of a crime. *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971) held that where officers are otherwise lawfully on the premises they may seize items of immediately recognizable evidence which they inadvertently see in plain view. *Andresen v. Maryland*, 427 U.S. 463, 96 S.Ct. 2737, 49 L.Ed.2d 627 (1976), held that, while engaged in a search that is otherwise lawful, officers are not limited to seizure of evidence pertaining only to the crime in question but may seize evidence of other related crimes.

In the case at bar the officers were on the premises pursuant to a valid search warrant, and therefore the initial intrusion and seizure of any items listed was valid. Three of the four counts of which defendant stands convicted, however, are based on items which the officers had no authority to seize under the warrant. We must therefore decide whether these nonauthorized items were otherwise properly seized under an exception to the warrant requirement. The plain view doctrine holds that (1) where police officers make a valid initial intrusion either based on a warrant or upon an exception to the warrant requirement, (2) they may seize objects which they inadvertently see in plain view (3) which are immediately recognizable as evidence. *Coolidge v. New Hampshire, supra.*

The Essick Lincoln arc welder was seized pursuant to a valid warrant as discussed

earlier and therefore was properly admitted in evidence in support of Count V which alleges the unlawful receipt of the arc welder.

Next we must decide whether seizure of the cement finisher, described in Count I, qualifies under the plain view doctrine. Three of the items listed on the warrant were mortar and cement-mixing machines. The others can be generally described as construction equipment. In the course of the search, officers noticed a cement finisher on which the identification number had been obliterated. The officers were required to check in order to ascertain whether it was a listed item. They phoned a description of this item to police headquarters and determined that it was stolen but not an item listed on the warrant. We find that a reasonable man, untrained in the construction trade, would be justified in checking the cement finisher to determine whether it was an item enumerated on the warrant. Once the stolen cement finisher was inadvertently discovered in the course of the search and its character as stolen property established, the officers were justified in seizing it.

■ The motorcycles which make up Counts II and III are a closer question. They are not construction equipment, and therefore are unlikely to attract the attention of the officers. On the Yamaha motorcycle, alleged in Count II, the vehicle identification number clearly printed on the frame of the vehicle had been obliterated. The exhibits presented with the record indicate that this obliterated number was visible to the naked eye at a sizable distance from the vehicle. We feel it is reasonable for officers to assume that obliteration of the number was done to hide the fact that it was stolen, and being stolen it constituted evidence against the defendant. Further supporting the state's position is the fact that A.R.S. § 28–326(A)(1) makes it a felony to obliterate a vehicle identification number. Under the circumstances the officers had probable cause to believe that the defendant had violated the provisions of § 28–326(A)(1) and that the motorcycle con-

stituted evidence against him in that regard, and therefore was properly seizable.

■ The Honda motorcycle which makes up Count III is another matter. The record indicates that this vehicle was stored in a garage in the rear of the rental yard. Exhibit 10 in the record shows that the vehicle was parked where its vehicle identification number would be difficult to read without a close and detailed inspection. Unlike the Yamaha its number was not defaced. This vehicle was unlike any of the listed items, and there was nothing to attract the legitimate attention of the officers to it. The record indicates that the vehicle was not inadvertently discovered nor was its evidentiary value immediately obvious to the officers as required by *Coolidge, supra*, and it was therefore improperly admitted. We therefore feel compelled to reverse the ruling of the trial court which allowed its admission in evidence as to Count III.

■ After searching defendant's business address, officers applied for and received a search warrant to search defendant's home in Tempe, Arizona. Defendant claims that the warrant was improperly issued and therefore the court committed error in failing to suppress evidence of this search. We find no merit to defendant's claim. Defendant was not convicted on any count under which evidence seized from his residence was admitted as proof against him. Therefore, we find that defendant is not aggrieved by any ruling of the superior court regarding the warrants issued on his home address in Tempe or the searches pursuant thereto.

■ Defendant next contends that the jury was guilty of misconduct and submits an affidavit given by one of the jurors to support his contention. Generally stated, the allegations are: 1) that some of the jurors formed opinions of guilt prior to the case's submission to them; 2) that the jury did not know the meaning of reasonable doubt and did not use the reasonable doubt instruction in their deliberations; and 3) that if the court had submitted a misdemeanor instruction some of the jurors

would have voted to return a verdict thereon. None of these allegations of misconduct are of the type which may be raised under 17 A.R.S. Rules of Criminal Procedure, rule 24.1(c). We have limited the scope of inquiry into jury verdicts to those areas specifically set out in rule 24.1(c). *State v. Callahan*, 119 Ariz. 217, 580 P.2d 355 (App.1978). We therefore find no error regarding alleged jury misconduct.

■ Defendant further asserts that the prosecutor injected evidence of other crimes which prejudiced the defendant. On direct examination of the witness Fetick the prosecutor asked how Fetick met the defendant. Fetick responded that he initially met the defendant while selling him stolen goods. These goods were not items which the defendant was charged with receiving and therefore constituted evidence of other crimes. After having examined the record we find that the defendant did not properly object to the admission of this evidence at trial; he therefore cannot raise it now. *State v. Hudgens*, 102 Ariz. 1, 423 P.2d 90 (1967), *cert. denied*, 389 U.S. 873, 88 S.Ct. 162, 19 L.Ed.2d 155. The evidence in question would most likely have been admitted even had defendant objected, under a theory that it showed defendant's motive, intent, absence of mistake, or a common plan, scheme, or design. *State v. Jaramillo*, 111 Ariz. 2, 522 P.2d 1079 (1974).

■ Defendant next asserts that admitting pictures of the items in question instead of the items themselves violated the best evidence rule, and the principles of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). There is no merit to either claim. The best evidence rule applies only to situations in which a party seeks to prove the contents of a writing, and is not applicable to the case at bar. *Higgins v. Arizona Savings and Loan Ass'n*, 90 Ariz. 55, 365 P.2d 476 (1961). Defendant's argument under *Brady v. Maryland*, *supra*, is based on a premise of questionable validity. He reasons that the state in returning the items of property to the rightful owners has deprived defendant of the ability to inspect them. *Brady* applies only

to items of evidence suppressed by the prosecutor which are favorable to an accused. The record indicates that the items were available for the defendant's inspection had he chosen to do so. The owner of each item was a witness in the state's case and their identities and addresses were available to the defendant. There is no showing that the state in any way impeded the defendant's ability to view or inspect the evidence in question. The evidence here was not unknown to the defendant as was the case in *Brady*; the defendant herein was in a position to be totally familiar with the evidence in question, it having been in his possession for several months prior to its seizure by the state. There being no showing that the evidence in question was suppressed, nor any inference that said evidence would exculpate the defendant or reduce his punishment, we find no violation of the principle set down in *Brady*.

■ Finally defendant contends that the court erred in failing to instruct the jury on the lesser included offenses of receiving stolen property of a value of under $100. Defendant's contention has no merit. The record clearly indicates that the state produced ample evidence that each item in question had a value of over $100. Defendant offered no evidence to show the value of any item was under $100. In fact, the defendant himself testified that he paid Fetick $100 apiece for each of the motorcycles, $200 to $300 for the cement finisher, and $600 for the arc welder. It is difficult to conceive how defendant can argue that he is entitled to instructions for receiving property of a value of under $100 when he himself testified that each item in question was of a value of $100 or greater. Unless an issue is supported by the evidence it is improper to instruct on it. *Kauffman v. Schroeder*, 116 Ariz. 104, 568 P.2d 411 (1977); *State v. Lombardo*, 104 Ariz. 598, 457 P.2d 275 (1969).

The convictions of the defendant on Counts I, II and V are affirmed, but the conviction on Count III involving the Honda motorcycle is reversed.

CAMERON, C. J., and STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concurring.