UNITED STATES of America, Plaintiff-Appellee,

v.

Robert Arthur MacKAY, Defendant-Appellant.

No. 79–1224.

United States Court of Appeals, Ninth Circuit.

Oct. 9, 1979.

Gerald M. Birnberg (argued), Jerry D. Patchen, Houston, Tex., on brief, for defendant-appellant.

Michael D. Hawkins, U. S. Atty., Phoenix, Ariz., on brief; Eugene R. Bracamonte, Asst. U. S. Atty., Tucson, Ariz., for plaintiff-appellee.

Before ELY and SNEED, Circuit Judges, and TAKASUGI,* District Judge.

PER CURIAM:

Robert Arthur MacKay ("MacKay") appeals his conviction for the violation of 18 U.S.C. §§ 922(g)(1) and 924(a), which proscribes the transportation of a firearm in interstate commerce by a felon.

On August 1, 1978, during a colloquy between MacKay and an Assistant United States Attorney pertaining to an unrelated criminal investigation, MacKay stated he was an ex-felon and that he presently possessed a gun in his motor vehicle.[1] This statement was overheard by a Drug Control Agent who then relayed it to an agent of the Bureau of Alcohol, Firearms and Tobacco ("ATF"). Thereafter, MacKay's vehicle was placed under surveillance. As MacKay approached his vehicle, the agents placed him under arrest and requested the keys to his car. The agents opened his trunk and found a suitcase therein. Without a search warrant, the suitcase was opened, disclosing a handgun which formed the basis for the subject indictment and prosecution.

The appeal focuses upon, among other things, the legality of the search. There is some issue as to whether this fourth amendment issue was preserved at trial. However, an examination of the transcript discloses that MacKay did indeed object to the admission of the handgun seized from within his suitcase on fourth amendment grounds (R.T. 166, 233).

We do not here reach the question of the adequacy of probable cause to arrest MacKay or the ensuing search of the trunk. Assuming that such probable cause existed, the legality of the search is then predicated upon whether the agents were required to obtain a search warrant prior to opening the suitcase. The recent Supreme Court decision of *Arkansas v. Sanders,* —— U.S. ——, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979) provides guidance in the disposition of this issue.

The Court in *Sanders* held that police officers must obtain a warrant before searching luggage taken from an automobile which was properly stopped.[2]

> Where—as in the present case—the police, without endangering themselves or risking loss of the evidence, lawfully have . . . secured [defendant's] suitcase, they should delay the search thereof until after judicial approval has been obtained. *Id.* —— U.S. at ——, 99 S.Ct. at 2588.

The holding rested upon the view that the exigencies which permit warrantless searches of automobiles, *Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970) is inapplicable to a suitcase prop-

---

\* The Honorable Robert M. Takasugi, United States District Judge for the Central District of California, sitting by designation.

1. MacKay contends that the statement was involuntary and that the trial court erred in failing to suppress the statement. We need not reach the merits of this contention, resting instead upon the question of the legality of the search that subsequently transpired.

2. In *United States v. Stewart,* 595 F.2d 500 (9th Cir. 1979), this court refused to retroactively apply the Supreme Court ruling in *United States v. Chadwick,* 433 U.S. 1, 97 S.Ct. 2476,

53 L.Ed.2d 538 (1977) which held that a warrant must be obtained, absent exigent circumstances, before law enforcement officers are permitted to search luggage seized from a vehicle though such officers possessed probable cause to believe the luggage contained contraband. The propriety of *Stewart* must be seriously questioned in light of *Sanders* wherein the *Chadwick* rule was applied to a pre-*Chadwick* search.

It should be noted that the facts surrounding the case at bar occurred post-*Chadwick.*

erly within the possession of the police officers.

While *Sanders* noted exceptions to the requirement of a search warrant under exigent circumstances,[3] such facts did not exist in the instant case.[4]

Accordingly, judgment is reversed.[5]

SNEED, Circuit Judge, concurring:

I concur in the result reached by the court.

Deputy Associate General Counsel, N. L. R. B., Washington, D. C., on brief; Alan Banov, N. L. R. B., Washington, D. C., argued for petitioner.

Jerome L. Rubin, Mary Ellen Krug, Judith B. Stouder (argued), Schweppe, Doolittle, Krug, Tausend & Beezer, Seattle, Wash., on brief for respondent.

---

3. *Arkansas v. Sanders,* —— U.S. ——, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979).

4. The government did argue that while a search warrant was being obtained, MacKay was observed approaching the vehicle. Such an argument, however, is directed to the justification of a warrantless search of the vehicle rather than the suitcase.

5. Because MacKay was arrested in close proximity to the vehicle and prior to the search, the argument could have been advanced that the search was permissible because it was incident to the arrest, *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). Nevertheless, the argument would not have had any merit, because the suitcase was not in the "immediate control" of MacKay at the time of the search.