636 P.2d 153

**The STATE of Arizona, Appellee,**

v.

**John Joseph KELLY, aka Robert Francis Krebs, Appellant.**

**No. 2 CA–CR 2332.**

Court of Appeals of Arizona,
Division 2.

Oct. 22, 1981.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Gerald R. Grant, Asst. Attys. Gen., Phoenix, for appellee.

Carmine A. Brogna, Tucson, for appellant.

## OPINION

HOWARD, Judge.

Appellant was convicted by a jury of theft of property valued at more than $1,000, a class three felony, and sentenced to twenty years' imprisonment. On appeal he contends that the trial court committed error by: (1) not suppressing evidence of a warranted seizure based upon stale probable cause information; (2) admitting evidence the seizure of which exceeded the scope of the warrant; (3) admitting evidence which lacked probative value and was clearly prejudicial; and (4) by denying a motion for change of venue based upon adverse publicity. We disagree and affirm.

Appellant John Joseph Kelly was arrested on July 17, 1980, and charged with possession of a stolen 1980 Datsun 280ZX automobile. At the time of the arrest, Detective Hay obtained a telephonic search warrant authorizing a search of appellant's Ford automobile located at a distance from the point of arrest. Detectives had seen appellant leave this car prior to the arrest although appellant denied any knowledge of the Ford at the time of the arrest.

The warrant authorized a search for "plastic explosives, primer cord, silencer for weapon and automatic weapons." The affidavit in support of the warrant reveals that several days after June 13, 1980, appellant showed informant, Elizabeth Alison Searles, the contents of six briefcases which contained what she thought to be the above items. Appellant told Ms. Searles that he was employed by the Fluor Corporation and did their "dirty work".

The affidavit also states that appellant and Ms. Searles had taken a reportedly stolen Datsun from a Tucson storage bin and had driven it to Phoenix where it was in a traffic accident. At the time of the accident, appellant asked Ms. Searles to leave the car and pretend not be involved, which she did. He also removed the license plates after the police had arrived and later told Ms. Searles that he was considering abandoning the damaged Datsun in Phoenix.

The affidavit further recounts Detective Hay's own investigation of appellant including statements made by a maid at the Ambassador Inn where appellant stayed con-

cerning six briefcases with combination locks which she had observed while cleaning his room. Prior to obtaining the warrant, the officers had seen the same type briefcase in appellant Ford along with others which were partially hidden by clothing.

After obtaining the warrant, the detectives seized and opened seven briefcases. Five contained weapons, although not automatic, and two contained papers. All seven were taken to the Tucson Police Department and the Ford was impounded. Later that same day, the FBI obtained a warrant to search the two briefcases containing papers. The affidavit for this search was based essentially on the same information as the original one of Detective Hay with the addition that Detective Hay had observed numerous documents in blank for registering vehicles in the state of Illinois in each briefcase. These documents were subsequently seized and used by the state in appellant's prosecution for theft.

Appellant unsuccessfully moved to suppress the evidence found in the two brief cases which consisted of numerous licenses and blank title and blank registration papers. At trial, appellant objected to this information, claiming that the prejudicial effect outweighed its probative value.

A mistrial was granted appellant at the first trial after discovery that a juror had heard a potentially prejudicial news broadcast. Subsequently appellant moved for a change of venue because of publicity surrounding this first mistrial. The court denied this motion.

## STALENESS OF PROBABLE CAUSE INFORMATION

■ Appellant claims that probable cause to search his briefcases for contraband did not exist because more than twelve days had elapsed since the informant had seen the contraband. A question of staleness depends more on the nature of the unlawful activity than on a certain lapse of time. *State v. Smith*, 122 Ariz. 58, 593 P.2d 281 (1979), *State v. Torrez*, 112 Ariz. 525, 544 P.2d 207 (1975), cert. den. 425 U.S. 916, 96 S.Ct. 1517, 47 L.Ed.2d 767. Where facts are indicated so that the magistrate may conclude that the activity is of a continuous nature or a course of conduct, the passage of time becomes less significant. *State v. Smith*, supra. This includes facts which indicate that the items in question are of a kind not likely to be discarded by the defendant. *State v. Kasold*, 110 Ariz. 563, 521 P.2d 995 (1974).

■ Here the evidence showed that the defendant had possession of automatic weapons, plastic explosives, a silencer and primer cord which he kept in several briefcases. Possession of illegal weapons is a crime which is likely to be continuous in nature, and unlike contraband such as narcotics, weapons are of a nature as not to be disposed of quickly. *United States v. Steeves*, 525 F.2d 33 (8th Cir. 1975).

Adding to the probable cause determination were the following: (1) Appellant was seen by agents closing the trunk of the searched Ford and then later denied any knowledge of it. (2) Officers had viewed briefcases in this Ford which matched an earlier description by a hotel maid as belonging to appellant.

■ A trial court's ruling on a motion to suppress will not be disturbed on appeal absent clear and manifest error. *State v. Walker*, 119 Ariz. 121, 579 P.2d 1091 (1978); *State v. Dupuy*, 116 Ariz. 151, 568 P.2d 1049 (1977).

## THE SCOPE OF THE WARRANT

Appellant next claims that he manifested a reasonable expectation of privacy regarding the contents of the briefcases, and that therefore separate search warrants were necessary to justify opening and searching them. In support of this argument, he cites *Arkansas v. Sanders*, 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979); *United States v. Chadwick*, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977); *United States v. MacKay*, 606 F.2d 264 (9th Cir. 1979); *State v. Randall*, 116 Ariz. 371, 569 P.2d 313 (1977) all of which concern warrantless searches of luggage.

Appellant is mistaken in his contention that the rationale used to define the scope of a warrantless search is equally applicable in defining an automobile search authorized by a warrant. The first is an exception to the prevailing rule that warrantless searches are per se unreasonable. The scope of the search allowed is no broader than is necessary to protect certain interests of society, and where they do not exist, neither does the justification for the search. *Mincey v. Arizona*, 437 U.S. 385, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978); *United States v. Chadwick*, supra; *Arkansas v. Sanders*, supra.

Hence, the Supreme Court has recently held that there is justification in a warrantless search of any containers found within the passenger compartment of a car pursuant to a lawful arrest. *New York v. Belton*, —— U.S. ——, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). Those same justifications, however, do not lessen the privacy interests in containers found within the trunk of a car stopped pursuant to an arrest. *Robbins v. California*, —— U.S. ——, 101 S.Ct. 2841, 69 L.Ed.2d 744 (1981).

■ In the case at bar, however, because the search of the automobile was clearly authorized by a warrant, its scope was not so limited. Items named in any search warrant will often be found in some container. We do not see that the Fourth Amendment warrant requirement mandates that these containers be described on the warrant's face. The affidavit in this case clearly states that the items were seen in the briefcases. The warrant was properly issued, and the intrusion is constitutionally justified.

In the alternative, appellant contends that even if the search of the luggage were lawful, the seizure of the two briefcases containing papers was not. He argues that the blank registration forms were not named on the warrant and could not have been in plain view.

A police officer is not required to close his eyes to evidence which is in plain view. *State v. Donovan*, 116 Ariz. 209, 568 P.2d 1107 (App.1977). The blank registration forms in question have bold-faced headings which could be identifiable as registration forms even if simply glanced at while searching for weapons. This is unlike the factual situation in *State v. Shinault*, 120 Ariz. 213, 584 P.2d 1204 (1978), cited by appellant, where police who were looking for narcotics and weapons opened up a columnar pad found in a box and read its contents.

■ For seizure of evidence under the "plain view" exception to the Fourth Amendment warrant requirement, however, the officer must have prior justification to be in a position to view the evidence; the discovery of the object must be inadvertent; and its evidentiary value must be immediately apparent to the officer. *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); *State v. Cook*, 115 Ariz. 188, 564 P.2d 877 (1977). In this case, the warrant justified the officers opening the briefcases, and their seeing the papers was inadvertent. While Detective Hay said he did not read the papers prior to seizing the briefcases, he said he saw them. Their evidentiary value must have been apparent because he called the FBI.

## ABUSE OF DISCRETION CONCERNING PREJUDICIAL EXHIBITS

■ Appellant argues that the trial court abused its discretion by admitting evidence of the blank vehicle registration forms, other documents in blank, and fourteen license plates because the probative value was outweighed by the prejudicial effect. This is a question which is left to the broad discretion of the trial court. *State v. Clark*, 126 Ariz. 428, 616 P.2d 888 (1980); *State v. Carriger*, 123 Ariz. 335, 599 P.2d 788 (1979). We agree with the trial court that in a case involving a stolen automobile, appellant's possession of these papers and the numerous license plates is relevant to prove that appellant knew or had reason to know that the Datsun was stolen.

## MOTION FOR CHANGE OF VENUE

■ Appellant contends that the trial court erred in denying his motion for a

change of venue in light of substantial publicity surrounding the granting of a mistrial nineteen days before the start of appellant's second trial. We disagree. During jury voir dire at appellant's second trial, none of the panel members expressed a familiarity with appellant or the facts of the case. A change of venue is not required unless the defendant can demonstrate that the publicity has reached the jury panel and that jurors have both formed and are unable to lay aside pre-conceived notions regarding the defendant's guilt. *State v. Smith*, 116 Ariz. 387, 569 P.2d 817 (1977); *State v.*

*Mulligan*, 126 Ariz. 210, 613 P.2d 1266 (1980).

Affirmed.

HATHAWAY, C. J., and BIRDSALL, J., concur.