668 P.2d 912

**The STATE of Arizona, Appellee,**

v.

**Manuel Verdugo MUNGUIA, Appellant.**

**No. 2 CA–CR 2858.**

Court of Appeals of Arizona,
Division 2.

March 30, 1983.

Rehearing Denied May 16, 1983.

Review Denied June 17, 1983.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Crane McClennen, Asst. Attys. Gen., Phoenix, for appellee.

Frederic J. Dardis, Pima County Public Defender by Constance L. Trecartin, Tucson, for appellant.

## OPINION

HOWARD, Chief Judge.

Appellant was convicted of aggravated assault with a deadly weapon or dangerous instrument in violation of A.R.S. § 13–1204(A)(2) and (B) and A.R.S. § 13–604(G). The undisputed evidence was that he stabbed Jesus Robles with an ice pick in the bathroom of the Manhattan Bar in downtown Tucson. The victim and appellant gave conflicting versions at trial of the events leading up to the stabbing, however. Robles testified that appellant offered to buy him a beer at the Esquire Club and made a homosexual advance, which he repulsed. He said he then went across the street to the Manhattan Bar and was drinking beer with some friends there when appellant also came in. Some time later he went into the bathroom. He heard the door open, and as he was turning around, he was assaulted by appellant.

Appellant's version is that Robles asked him to buy him a beer at the Esquire, that Robles made the spurned advance, that appellant was the first to go across the street to the Manhattan Bar and into the bathroom, and that Robles and two other men came into the bathroom to attack him. He said Robles came at him with the ice pick, but dropped it when appellant kicked him in the groin. Appellant testified that he picked up the ice pick and stabbed Robles in a panic while Robles had hold of his throat. The only other witnesses at trial were two police officers and the bartender at the Manhattan Bar, none of whom had seen Robles or appellant that day until the fight was over.

Appellant's sole claim of error is that he was denied his Sixth Amendment right of confrontation because the trial court did not permit him to cross-examine the bartender, John Hannah, on two points. He wished to elicit testimony from Hannah that Robles had gotten into fights before at the bar and that Robles harrassed other patrons of the bar for drinks and food.

The weakness in appellant's position is that neither fact was relevant to the issues at trial. Hannah testified out of the presence of the jury that he had seen Robles get into verbal arguments with other custom-

ers, and that he once saw Robles knocked down in a fight, but he did not know who started the fight. Neither of these instances are relevant to the question of whether Robles was the armed aggressor in the fight with appellant. Nor would the fact that Robles "cadged" drinks and food from bar patrons make any element of the state's case less likely or appellant's defense more likely.

In *State v. Fleming,* 117 Ariz. 122, 571 P.2d 268 (1977) the court stated:

"The right of cross-examination is a vital part of the right of confrontation conferred by the Sixth Amendment. *Pointer v. Texas,* 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). The right does not confer, however, a license to run at large in cross-examination. The right to cross-examination must be kept within 'reasonable' bounds and the trial court has discretion to curtail its scope.... The test is whether the defendant has been denied the opportunity of presenting to the trier of fact information which bears either on the issues in the case or on the credibility of the witness." 117 Ariz. at 125, 571 P.2d 268.

Appellant was not denied the opportunity of presenting information bearing on the issues of the case. He argues, however, that since Robles testified he never tried to "bum" drinks from other customers and had never been involved in any other physical fight at the Manhattan Bar, that Hannah's testimony bore on Robles' credibility.

The well-established rule in Arizona is that a party is not allowed to impeach a witness on collateral matters. *State v. McGuire,* 113 Ariz. 372, 555 P.2d 330 (1976). The right to confront witnesses guaranteed by the Sixth and Fourteenth Amendments includes the right of cross-examination to attack a witness' general credibility or to show his possible bias, prejudice, or self-interest in testifying. *Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). It does not, however, confer the right to impeach a witness as to specific

events that are not relevant to the issues at trial. *Chipman v. Mercer,* 628 F.2d 528, 531 (9th Cir.1980) states:

"Although it tips the scales in favor of permitting cross-examination, the confrontation clause does not prevent the trial court from weighing the offer of proof to determine its probative value to the trier of fact and its probable effect on fair and efficient conduct of the trial."

The nearly universal rule proscribing impeachment on collateral matters is based on the questionable utility of such evidence and its potential for confusing or distracting the trier of fact. Contradicting a witness on a collateral matter does far less to discredit the accuracy or veracity of his testimony than does a contradiction on a material matter. In addition, it requires the trier of fact to determine the preponderance of the evidence on matters that have no relation to the real questions before it. *Smith v. United States,* 10 F.2d 787 (9th Cir.1926); *Smith v. State,* 273 Md. 152, 328 A.2d 274 (1974).

In *Chipman v. Mercer,* supra, the court stated:

"[A] confrontation clause violation generally does not occur unless the denied area of cross-examination is one of considerable relevance." 628 F.2d at 533.

See also *Cloud v. Thomas,* 627 F.2d 742 (5th Cir.1980), cert. den. 450 U.S. 1041, 101 S.Ct. 1760, 68 L.Ed.2d 239 (1981). The ability of appellant to effectively cross-examine the witnesses against him was not hindered by the trial court's restriction. He was able to fully cross-examine Robles to test the accuracy and veracity of all of his testimony that related to the charge against him or his defense. Therefore, we hold that appellant's right of confrontation was not violated.

In his reply brief, appellant argues that Hannah's testimony that Robles often bummed drinks was admissible under Rule 406, Arizona Rules of Evidence, 17A A.R.S., as evidence of habit. Outside of appellant's

continued problem with relevance and his failure to raise the argument in his opening brief, this conduct is not of the semi-automatic and regular character contemplated by that rule. See 1 Wigmore, Evidence § 92 at 520 (3rd Ed.1940).

■ Appellant also contends that the trial court erred in refusing to give his requested jury instruction dealing with evidence of the victim's assaultive behavior. Since there was no evidence admitted at trial to support the instruction, the trial court correctly refused to give it. *State v. Smith,* 122 Ariz. 58, 593 P.2d 281 (1979).

Affirmed.

HATHAWAY and BIRDSALL, JJ., concur.