NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CHRISTOPHER MICHAEL SERNAS, *Appellant.*

No. 1 CA-CR 19-0656
FILED 11-3-2020

Appeal from the Superior Court in Maricopa County
No.  CR2018-152424-001
The Honorable Geoffrey H. Fish, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael O'Toole
*Counsel for Appellee*

Law Office of Lincoln Green Jr., Phoenix
By Lincoln Green Jr.
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge D. Steven Williams and Judge David D. Weinzweig joined.

---

**T H U M M A**, Judge:

¶1　　　　A jury found defendant Christopher Sernas guilty of three felonies. He then moved for permission to interview two of the jurors and for a new trial based on a hearsay allegation that one juror had dementia of some sort. On appeal, Sernas challenges the superior court's denial of both motions. Because he has shown no error, his convictions and resulting sentences are affirmed.

### FACTS AND PROCEDURAL HISTORY

¶2　　　　The trial evidence proved that, in September 2018, Sernas stole a pickup truck from an industrial work site in Phoenix and fled the scene with threats of violence. Two days later, a police officer noticed Sernas driving the stolen truck. After a brief chase, Sernas abandoned the truck and escaped on foot. He was arrested a month later after again seeking to elude police. The State charged Sernas with theft of means of transportation, a Class 3 felony; robbery, a Class 4 felony; and unlawful flight from law enforcement, a Class 5 felony.

¶3　　　　Sometime during the four-day trial, Juror 6 purportedly mentioned to Juror 1 that she (Juror 6) had dementia of some sort. The jury found Sernas guilty as charged. After the jury was discharged, but before sentencing, Juror 1 related what Juror 6 had told her to the court, prompting an exchange between the court and the parties. Based on Juror 1's statement, Sernas moved to interview Jurors 1 and 6 and for a new trial. Both motions were denied.

¶4　　　　Given his historical felony convictions, Sernas was sentenced as a Category 3 repetitive offender to presumptive concurrent prison terms, the longest being 11.25 years. He appropriately received 105 days' presentence incarceration credit. This court has jurisdiction over Sernas' timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution

and Arizona Revised Statutes (A.R.S.) Sections 12-120.21(A)(1), 13-4031 and 13-4033(A) (2020).[1]

## DISCUSSION

**¶5**        Sernas argues Juror 6 should have been struck for cause based on the information Juror 1 relayed to the court after the verdict. Sernas also claims the court should have granted him a new trial or, at minimum, an evidentiary hearing. The denial of a motion for new trial "is reversible error only when there is an affirmative showing that the trial court abused its discretion and acted arbitrarily." *State v. Durham*, 111 Ariz. 19, 23 (1974). The denial of an evidentiary hearing on a motion for new trial is similarly reviewed for an abuse of discretion. *State v. Spears*, 184 Ariz. 277, 289 (1996).

## I.        Sernas Has Not Shown Juror 6 Should Have Been Struck for Cause.

**¶6**        Although motions for new trial are governed by Rule 24.1 of the Arizona Rules of Criminal Procedure, Sernas primarily relies on Rule 18.4(b) to argue the court was obligated to strike Juror 6 for cause after the return of the verdict and discharge of the jury. According to Sernas, Juror 1's report of Juror 6's statement constituted reasonable grounds to believe Juror 6 could not "render a fair and impartial verdict." But Rule 18.4(b) governs challenges for cause during voir dire *before* the jury is selected. "All challenges for cause must be made and decided before the court may call on the parties to exercise their peremptory challenges." Ariz. R. Crim. P. 18.5(f). Only after peremptory challenges are made is the jury selected, seated and sworn. Ariz. R. Crim. P. 18.5(h)(1) & 18.6(b). Accordingly, any challenges for cause were likely waived when the jury was seated. Ariz. R. Crim. P. 18.5(f).

**¶7**        The Rules have been interpreted as allowing a challenge for cause during trial, "provided the grounds for the challenge were not known earlier," *State v. Bible*, 175 Ariz. 549, 574 (1993), and "where there are sufficient jurors to enable the trial to continue," *State v. Evans*, 125 Ariz. 140, 142 (App. 1980).[2] But Sernas did not raise his challenge until after the

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

[2] Although a juror also may be replaced during deliberation in certain circumstances, Ariz. R. Crim. P. 18.4(h)(3), Sernas does not rely on that rule in claiming error.

verdict was returned. Under *Bible* and *Evans*, a post-verdict challenge for cause comes too late. Indeed, Sernas cites no authority for the proposition that a defendant may challenge a juror for cause under Rule 18.4(b) after a verdict has been returned.

**¶8**         Apart from the timing of Sernas' challenge, the superior court found there was "no indication" Juror 6's mental state "had any impact on [her] or the rest of the jury."[3] This finding by the individual who presided over jury selection and trial negates the force of Sernas' motions and will stand absent an abuse of discretion. *State v. Glassel*, 211 Ariz. 33, 47 ¶ 46 (2005) (citing cases); *cf. State v. Marcham*, 160 Ariz. 52, 55 (App. 1988) (failure to sua sponte disqualify a deaf juror was not fundamental error because there was no sign juror was unable to understand proceedings). Moreover, Sernas must show it was fundamental error for the court to not, sua sponte, dismiss Juror 6. *See State v. Escalante*, 245 Ariz. 135, 138 ¶ 1 (2018). Because Sernas has not shown error, he cannot show fundamental error nor prejudice. *State v. Riley*, 248 Ariz. 154, 195 ¶ 170 (2020).

## II.     Sernas Has Not Shown the Superior Court Abused Its Discretion in Denying His Motions.

**¶9**         Sernas' motions are governed by Rule 24.1(c) (grounds for a new trial) and Rule 24.1(d) (governing use of juror evidence to impeach a verdict). In superior court, Sernas claimed Juror 6 committed misconduct by failing to "willfully or truthfully respond to voir dire examination regarding [her] health condition and the capacity to serve as a juror." Sernas moved for a new trial based on Juror 6's supposed misconduct and for permission to interview Jurors 1 and 6.

**¶10**         Certain limited types of juror evidence may be admissible to support a motion for new trial based on juror misconduct. *See* Ariz. R. Crim. P. 24.1(d). Evidence of a juror's misconduct "by perjuring . . . herself or willfully failing to respond fully to a direct question posed during the voir dire examination" could justify a new trial, provided the movant establishes both perjury and prejudice. Ariz. R. Crim. P. 24.1(c)(3); *State v. Miller*, 178 Ariz. 555, 558 (1994) (holding prejudice may be "actual" or

---

[3] Sernas cites an article from the Journal of the American Medical Association to define the symptoms of dementia and asserts that a person with dementia should be precluded from jury service. Among other things, however, that article notes that there are varying types of dementia with differing degrees of severity; that symptoms typically are incremental and that a clinician is needed to diagnose dementia.

"fairly presumed from the facts"). Sernas, however, provided no evidence that Juror 6 perjured herself or failed to fully respond during voir dire in pressing the issue in the superior court. Nor did he provide evidence of actual prejudice or evidence from which prejudice could be fairly presumed. *See State v. Nelson*, 229 Ariz. 180, 184 ¶ 12 (2012).

**¶11** On appeal, Sernas does not press the argument that Juror 6 perjured herself or failed to fully respond during voir dire. He has therefore waived any such argument. *State v. Todd*, 244 Ariz. 374, 380 ¶ 16 n.4 (App. 2018) (citing *State v. Carver*, 160 Ariz. 167, 175 (1989)); *see also State v. Sanchez*, 200 Ariz. 163, 166 ¶ 8 (App. 2001) (finding waiver for failure to develop argument). Moreover, the record on appeal does not include the transcripts of the voir dire proceedings. Given this evidentiary gap, voir dire is presumed to support the denial of Sernas' motions. *Myrick v. Maloney*, 235 Ariz. 491, 495 ¶ 11 (App. 2014); *State v. Zuck*, 134 Ariz. 509, 513 (1982).

**¶12** "Subject to only a few exceptions, a juror's out of court statement is not admissible to contradict the verdict." *State v. Cruz*, 218 Ariz. 149, 159 ¶ 33 (2008) (citations omitted). A losing party cannot challenge a verdict by inquiring into the logic which led a juror to her decision, *see State v. Smith*, 122 Ariz. 58, 62 (1979), or by questioning a juror's mental competence or fitness to serve, *Tanner v. United States*, 483 U.S. 107, 118–19 (1987). Nor may a losing party support a motion for new trial with juror testimony which does not relate to issues of jury misconduct. *State v. Walker*, 181 Ariz. 475, 483–84 (App. 1995). Indeed, the Rules flatly prohibit juror testimony or affidavits relating to a juror's "subjective motivations or mental processes." Ariz. R. Crim. P. 24.1(d).

**¶13** Sernas' motions conflict with these longstanding directives. Moreover, they rest only on Juror 1's statement, which the superior court correctly noted was inadmissible hearsay. On this record, Sernas has not shown the superior court abused its discretion in denying his motions.

### III. Sernas Has Not Shown the Superior Court Should Have Inquired Further into Juror 6's Qualifications.

**¶14** Arizona law prohibits individuals who have been adjudicated incapacitated, incompetent, or insane from serving as jurors. A.R.S. §§ 16–101(A)(6), 21–201(4). Parties who wish to challenge a juror's mental qualifications must submit a "timely application to the court" that the juror should be excused given a "mental or physical condition that causes the juror to be incapable of performing jury service." A.R.S. § 21-202(B)(1).

**¶15**        Sernas argues for the first time on appeal that the court should have conducted a post–verdict evidentiary hearing to determine whether Juror 6 was qualified to serve as a juror. Because Sernas failed to request this relief at trial, it is forfeited on appeal absent fundamental error. *See Escalante*, 245 Ariz. at 138 ¶ 1.

**¶16**        A trial court's personal observations of jurors are afforded "great deference" on appeal. *State v. Patterson*, 230 Ariz. 270, 275 ¶ 14 (2012). Here, the judge who presided over jury selection, trial and the return of the verdict noted there was "no indication" that Juror 6's mental health had "any impact on [her] or the rest of the jury." Because Sernas has not shown this observation was an abuse of discretion, he cannot argue it was error — much less fundamental error — for the court not to hold a hearing on its own motion to inquire into Juror 6's qualifications. *See Riley*, 248 Ariz. at 195 ¶ 170.

## CONCLUSION

**¶17**        Sernas' convictions and resulting sentences are affirmed.



AMY M. WOOD • Clerk of the Court
FILED:    AA