707 P.2d 331

The STATE of Arizona, Appellant,

v.

James Thomas HICKS, Appellee.

No. 1 CA–CR 8573.

Court of Appeals of Arizona, Division 1.

June 20, 1985.

Reconsideration Denied July 18, 1985.

Review Denied Oct. 16, 1985.

534

Robert K. Corbin, Atty. Gen. by Steven A. Lamar, Phoenix, for appellant.

Ross P. Lee, Maricopa County Public Defender by John W. Rood, III, Phoenix, for appellee.

## OPINION

LIVERMORE, Judge.

On April 18, 1984, police officers responded to a shooting at an apartment in North Phoenix. The victim had been shot through the floor from the apartment above. The officers were admitted to that apartment by the manager of the complex. In a quick search, they determined that no people were in the apartment. They did, however, seize several weapons. One of the officers, on seeing expensive stereo components which he believed to be out of keeping with the otherwise mean nature of the furnishings, became suspicious that those components were stolen. He moved the components so that he could locate and record the serial numbers. On checking by computer and department reports, he learned that these components had been taken in an armed robbery. These facts were presented in an affidavit, a search warrant issued, and the components were subsequently seized. The state appeals from the suppression of that evidence.

The parties are agreed that the initial entry into defendant's apartment, although warrantless, was legal. The exigencies of the situation demanded it. When a random shooting of this nature, immediately after its occurrence, can be traced to a particular location, police need not delay to obtain a warrant. They can reasonably believe that others may have been shot or may be in peril and that weapons that could be used against them may be found. This justified the entry and the search for the shooter, weapons, and other possible victims. *Mincey v. Arizona,* 437 U.S. 385, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978).

*Mincey* also teaches, however, that a "warrantless search must be 'strictly circumscribed by the exigencies which justify its initiation,' *Terry v. Ohio,* 392 U.S. [1] at 25–26, 88 S.Ct. [1868] at 1882 [20 L.Ed.2d 889 (1968)]." Id. at 393, 98 S.Ct. at 2413, 57 L.Ed.2d at 300. The right to enter for one purpose is not enlarged to allow a general rummaging through a person's effects however suspicious they may appear to the entering officer. The recording of the serial numbers was unrelated to the exigency justifying entry and involved an additional search not necessitated by the exigency. It was plainly unlawful. *State v. Smith,* 122 Ariz. 58, 593 P.2d 281 (1979).

The state argues that because the officer subsequently obtained a search warrant that his actions ought to be validated under the "good-faith" exception to the exclusionary rule. The state cites A.R.S. § 13–3925 and *United States v. Leon*, —— U.S. ——, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). Neither is applicable. The statute simply does not speak to this situation. And, while *Leon* does hold that officers may reasonably rely on a magistrate's assessment of probable cause in issuing a warrant and that exclusion need not be ordered if the magistrate is wrong in that assessment, it does not hold that a subsequent warrant validates an earlier illegal search. Police officers cannot launder their prior unconstitutional behavior by presenting the fruits of it to a magistrate.

The order of suppression is affirmed.

HATHAWAY, P.J., and LACAGNINA, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120(E).