752 P.2d 37

**The STATE of Arizona, Appellee,**

v.

**Neil Eugene BRITAIN, Appellant.**

**No. 2 CA–CR 87–0059.**

Court of Appeals of Arizona, Division 2, Department B.

Feb. 23, 1988.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Susanna C. Pineda, Phoenix, for appellee.

Robertson & Villarreal, Ltd. by Michael A. Villarreal, Florence, for appellant.

LIVERMORE, Presiding Judge.

We must reverse defendant's convictions for two counts of burglary and two counts of attempted theft because of constitutional violations in obtaining statements from him and in searching his residence.

Defendant was arrested as he left a mobile home which had been broken into. Because he did not stay immobile on the ground, a police sergeant (later demoted) hit him over the head with a flashlight. Police officers testified variously that one, two, or six blows were struck. Immediately thereafter, defendant said: "All you've got me on is criminal trespass." We hold that a statement made in response to a police beating is involuntary as a matter of law. When a statement is a response to police brutality, debate will not be allowed as to whether the brutality was intended to elicit a statement or as to whether defendant's will was truly overborne. When impermissible police conduct of this sort causes a statement, a finding of involuntariness is mandated. *State v. Emery*, 131 Ariz. 493, 642 P.2d 838 (1982).

Defendant was then taken to the police station. He was advised of his rights and declined to answer questions until a lawyer was present. During booking, he gave several names and addresses. Officers located his true address from his driving license and went to his house. Finding no one home and claiming to fear a burglary, they entered through an open door, viewed the interior of the house, and then sought and obtained a search warrant based on an affidavit stating that during the initial entry a color television, a microwave oven, and stereo equipment had been seen and that these items were inconsistent with the otherwise dilapidated nature of defendant's home. A videotape of the execution of the search warrant was played for the jury.

For three reasons we believe that the admission of the videotape was erroneous. First, the officer's entry of the defendant's home was illegal. That an arrested person's home is empty and a door is open provides no reasonable basis to believe that a burglary has occurred or that someone within is injured justifying entry to provide aid or apprehend a burglar. Empty houses may not be entered by police on so flimsy a basis. We add that we have difficulty believing that the officers in fact entered on the basis that they later claimed. Driving to a burglary suspect's house in the middle of the night and entering without a warrant is not easily explained as an effort to protect the suspect from burglary.

Second, while the warrant was based on information illegally obtained, and thus the ensuing search cannot be justified by it, *State v. Hicks*, 146 Ariz. 533, 707 P.2d 331 (App.1985), we also conclude that the affidavit did not establish probable cause and no reasonable police officer could believe that it did. Essentially all the affidavit stated was that defendant was apprehended for burglary and that his ramshackle house contained a color television set, a microwave oven, and stereo equipment. We believe this patently insufficient to establish probable cause to believe these items stolen. A poor living style coupled with the possession of some nice items is not enough to allow the entry of one's home.

Finally, the videotape of the execution of the warrant was irrelevant. Nothing there revealed had anything to do with the charges. All that was implied was that the possession of a warrant coupled with the shoddy nature of defendant's home made it more likely that defendant was guilty. That is simply not a permissible basis on which to infer guilt.

There is a final constitutional violation requiring reversal. After the supervising officer had obtained the warrant, and perhaps as a comment on its validity, he went to see the defendant and requested him to consent to a search of his home. When defendant declined, the officer then gave him a copy of the warrant. Defendant asked to see the officer privately and, according to the officer, sought to make a deal admitting his guilt. All this occurred after defendant had invoked his right to the assistance of counsel. Any interrogation after such invocation violates *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). We view a request for a consent to search, after the right to counsel has been invoked, as interrogation and the serving of a search warrant as conduct "reasonably likely to elicit an incriminating response." *Rhode Island v. Innis*, 446 U.S. 291, 301, 100 S.Ct. 1682, 1689–90, 64 L.Ed.2d 297, 308 (1980). Accordingly, defendant's statements should have been suppressed. *State v. Emery*, 131 Ariz. 493, 642 P.2d 838 (1982).

Reversed.

ROLL and FERNANDEZ, JJ., concur.